Criminal Case Template



COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS



GENARO BELTRAN,


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee.

§


§


§


§


§

No. 08-02-00416-CR


Appeal from the


291st District Court


of Dallas County, Texas


(TC# F-8676918-LU)


MEMORANDUM OPINION



 Genaro Beltran appeals from a judgment revoking probation. He argues that the
trial court erred by assessing a $750 fine and that he received ineffective assistance of
counsel at the revocation hearing. We affirm.

Factual and Procedural Background

 In October 1986, Beltran was indicted for first-degree murder. Almost ten years
later, in September 1996, he entered into a plea agreement with the State. In exchange for
Beltran's plea of nolo contendere, the State agreed to forego a deadly weapon finding and
to recommend a $750 fine and ten years' confinement, probated for ten years. The trial
court found Beltran guilty and assessed punishment in accordance with the plea
agreement.

 In July 2002, the State filed a motion to revoke probation. Beltran entered an open
plea of true. The trial court accordingly revoked Beltran's probation and reinstated the
original sentence of ten years' confinement and a $750 fine.

Assessment of Fine

 In his first issue, Beltran requests this Court to reform the judgment to delete the
assessment of the $750 fine. When the trial judge orally pronounced sentence at the
conclusion of the revocation hearing, he did not mention the $750 fine. But the written
judgment includes the fine. Beltran thus argues that there is a variance between the oral
pronouncement and the written judgment and that the oral pronouncement should control. 
 The Court of Criminal Appeals has considered and rejected this argument. See
Coffey v. State, 979 S.W.2d 326, 329 (Tex. Crim. App. 1998). In Coffey, the defendant
was assessed a fine at the plea proceeding, and payment of the fine was a condition of
probation. Id. The written judgment stated, "'FINE PROBATED: NO.'" Id. When the
trial judge orally pronounced sentence at the revocation hearing, the fine was not
mentioned. Id. at 327. The Court of Criminal Appeals held that because the fine was
imposed, rather than probated, at the original plea proceeding, it was appropriately
included in the written judgment revoking probation. Id. at 329.

 As in Coffey, the trial court imposed the $750 fine at Beltran's original plea 
proceeding. Also as in Coffey, the judgment of conviction states, "FINE PROBATED:
NO," and payment of the fine was a condition of probation.

 Because the fine was not probated, the trial court did not err by including it in the
judgment revoking probation. Beltran's first issue is overruled.

Ineffective Assistance of Counsel

 In his second and third issues, Beltran argues that he received ineffective
assistance of counsel at the revocation hearing because counsel was unprepared and
implemented an implausible strategy.

 To prevail on a claim of ineffective assistance of counsel, an appellant must
establish that counsel's performance fell below an objective standard of reasonableness
and that there is a reasonable probability that the result of the proceedings would have
been different but for counsel's deficient performance. Strickland v. Washington, 466
U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984); Thompson v. State, 9
S.W.3d 808, 812 (Tex. Crim. App. 1999). A reasonable probability is a probability
sufficient to undermine confidence in the outcome. Strickland, 466 U.S. at 694, 104 S.Ct.
at 2068; Thompson, 9 S.W.3d at 812. Our review is highly deferential and presumes that
counsel's actions fell within a wide range of reasonable professional assistance. Mallett
v. State, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001); Thompson, 9 S.W.3d at 813. The
appellant bears the burden of proving by a preponderance of the evidence that counsel
was ineffective. Thompson, 9 S.W.3d at 813. Any allegation of ineffectiveness must be
firmly founded in the record, and the record must affirmatively demonstrate the alleged
ineffectiveness. Id. The Court of Criminal Appeals has stated that "trial counsel should
ordinarily be afforded an opportunity to explain his actions before being denounced as
ineffective." Rylander v. State, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003). When the
record is silent as to the motivations underlying counsel's tactical decisions, the appellant
usually cannot overcome the strong presumption that counsel's conduct was reasonable. 
Mallett, 65 S.W.3d at 63. For this reason, "[a] substantial risk of failure accompanies an
appellant's claim of ineffective assistance of counsel on direct appeal." Thompson, 9
S.W.3d at 813.

 Before considering Beltran's specific complaints, we will review the record from
the revocation hearing.

 The record reveals that Beltran and his counsel did not have a good relationship. 
Counsel initially entered a plea of not true for Beltran. After an off-the-record discussion,
Beltran stated, "Yes, yes, it's true." Counsel then stated, "I'm having a problem
obviously, Judge, because he wants a hearing but he's pleading true." The court then
went into recess so Beltran and his counsel could confer. When the hearing resumed,
Beltran again pleaded true.

 On direct examination, Beltran acknowledged that his trial counsel had been on the
case for five months and had spoken to Beltran several times about the case. Counsel
then elicited the following testimony:

 Q You understand that in this hearing here we have nothing to do with
your original case back in 1986? You understand that?


 A Yes.

 Q You understand that you signed plea papers in 1986 placing you on
probation?


 A Yes, because a lawyer told me that I had to lie.. . . 

 Q You understand that the range of punishment that the Judge has to
punish you on is between five years . . . and ten years . . . ?


 A Yes.

 Q Do you also understand that the State before this hearing offered you
five years which is the minimum; is that right?


 A Yes.

 Q You directed me to reject that offer; is that correct?

. . . 

 A Because I was not guilty. He always talked to me bad. That's why I
didn't want to sign the ten years [sic].


 Q Are you telling this Court that the reason you didn't take the five
years is because I spoke to you badly?


 A Yes.

 Q You understand that my advice to you was for you to take the five
years which is the minimum offer; is that correct?


 A Yes.

 On cross-examination, Beltran insisted that he was innocent of the murder, that his
previous lawyer lied to him, and that he did not understand what probation was. He
stated that he learned he was on probation soon after his conviction and that he knew he
was not supposed to commit a crime while on probation, but that he was convicted of
felony driving while intoxicated while on probation.

 In his closing argument, Beltran's counsel argued:

 [A]lthough we can't go back in the past to what--why he pled on that day,
by taking judicial notice of the contents of [the] file, it was a ten-year-old
murder case that he pled on. I don't know what kind of advice or what kind
of evidence [the] defense saw at that time for him to plea[d] on that day.


 But, needless to say, he did plea[d] and I think he knew that he was
on probation basically because he lived by those rules of probation for quite
a while, from 1996 until the year 2001 which I don't believe--I don't know
if there was other allegations during that time but apparently he was
complying with some of his conditions until that day. (1)


 He has been incarcerated since June 2001. I would ask the Court to
consider the five-year minimum on the sentence. We know that you have
up to ten years to give him in the penitentiary but we would beg for mercy
in this case and ask that you consider the five years TDC time.


 Beltran argues that his trial counsel was unprepared. In particular, he claims
counsel's closing argument demonstrates that he failed to request or read the record from
the original plea proceeding, failed to review the court's file, and failed to familiarize
himself with Beltran's history while on probation. Beltran also argues that counsel was
unprepared because he failed to request or ask the court to take notice of a presentencing
report.

 Beltran does not suggest how the result of the revocation hearing would have been
different if counsel had taken these steps. There is no indication that the record from the
original plea proceeding or the court's file contains any information that would have been
favorable to Beltran at the revocation hearing. Similarly, Beltran does not suggest that his
behavior on probation or a presentencing report would have revealed anything favorable.
Therefore, he has not sustained his burden on this ineffective assistance claim. See
Strickland, 466 U.S. at 694, 104 S.Ct. at 2068; Thompson, 9 S.W.3d at 812.

 Beltran next argues that there was no plausible basis for trial counsel's strategy or
tactics. He argues that counsel erred by conceding during closing argument that Beltran
knew he was on probation. Because the record is silent as to why counsel made this
concession, we cannot conclude that he was ineffective in doing so. See Rylander, 101
S.W.3d at 110-11 (rejecting ineffectiveness claim premised on prejudicial comments
during closing argument because the record was silent as to counsel's motivations).

 Beltran also complains that counsel failed to ask the court to continue him on
probation. Beltran has not shown a reasonable probability that the result of the
proceeding would have been different if counsel had made this request. See Strickland,
466 U.S. at 694, 104 S.Ct. at 2068; Thompson, 9 S.W.3d at 812. But see Ex parte Welch,
981 S.W.2d 183, 184-85 (Tex. Crim. App. 1998) (holding that counsel was ineffective in
failing to file application for probation, but not addressing whether the result of the
proceeding would have been different). We note that in spite of counsel's request for a
five-year sentence, the court imposed ten years.

 Beltran suggests that counsel relied on the overruled "habeas corpus exception" to
the rule that a defendant may not attack the original conviction upon the revocation of
probation. See Jordan v. State, 54 S.W.3d 783, 785 (Tex. Crim. App. 2001). In Jordan,
the court eliminated this exception and held that if a probationer wishes to attack the
original conviction, he must follow the statutory procedures for a writ of habeas corpus. 
Id. at 786. We find nothing in the record to support Beltran's argument that his trial
counsel relied on the habeas corpus exception at the revocation hearing. In fact, counsel
demonstrated an awareness of the current law when he stated that "in this hearing here we
have nothing to do with your original case back in 1986."

 Finally, Beltran asserts that counsel advised him that he could not attack his
original nolo contendere plea if he accepted the plea bargain offered by the State. He
states that he did not want to contest the motion to revoke, but he did want the trial court
to consider his claim that he did not understand his original plea and probation. He
argues that counsel could have accomplished this objective by filing a petition for writ of
habeas corpus to challenge the conviction. Then, Beltran could have pleaded true and
either accepted the five-year sentence offered by the State or requested that the court
continue him on probation.

 This claim of ineffectiveness is not firmly founded in the record. See Thompson, 9
S.W.3d at 813. The record does not reveal why Beltran wanted a hearing, nor does it
reveal any of the advice given by counsel, except for his advice to take the plea bargain. 
We cannot assume from a silent record that counsel failed to advise Beltran about the
possibility of habeas relief. As for the plea bargain, the record reflects that Beltran
rejected it, against the advice of counsel, because he did not like the way counsel spoke to
him. Beltran's second and third issues are overruled.

Conclusion


 The judgment of the trial court is affirmed.


 SUSAN LARSEN, Justice

May 15, 2003


Before Panel No. 1

Larsen, McClure, and Chew, JJ.


(Do Not Publish)

1. The record contains an earlier motion to revoke, in which the State alleged that Beltran
violated the terms of his probation.