COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-139-CR
 
TIMOTHY GONZALEZ LEAL                                                        
   APPELLANT
V.
THE STATE OF TEXAS                                                                      
STATE
------------
FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY
------------
MEMORANDUM OPINION(1)
------------
  
     Appellant Timothy Gonzalez Leal appeals his conviction
for sexual assault. In his sole point, he argues that he received ineffective
assistance of counsel because his trial attorney erroneously advised him that
the trial court could grant "probation" for an offense under Texas
Penal Code section 22.011. Tex. Penal Code Ann. § 22.011 (Vernon 2003); see
Tex. Code Crim. Proc. Ann. art. 42.12, § 3g (a)(1)(H) (Vernon Supp. 2003). We
affirm.
Factual Background
  
     Appellant was indicted on November 16, 2000 for sexual
assault. Following admonishments by the trial court, appellant pled guilty to
the charge. During the guilty plea hearing, several character witnesses
testified on appellant's behalf, and the victim testified for the State. The
trial court did not make an immediate ruling on appellant's guilt, but recessed
so that it could review the presentence investigation and the medical report.
The court reconvened two weeks later and found appellant guilty. It assessed
punishment of five years' confinement.
  
     Appellant filed a motion for new trial on April 16,
2002, in which he alleged ineffective assistance of counsel, without reciting
specific allegations. The trial court held an evidentiary hearing on the motion
and denied the motion by written order signed on June 6, 2002.
Ineffective Assistance of
Counsel
  
     In his sole point, appellant alleges that his trial
attorney erroneously advised him that the trial court could grant
"probation" for an offense under Texas Penal Code section 22.011.
Appellant argues that counsel was under the mistaken belief that appellant was
eligible for regular community supervision from the trial court. He focuses on
the following dialogue from the guilty plea hearing:

 THE COURT: All right. Now the way we're
 going to handle this--Let me tell y'all how I'm going to handle this.
 Obviously, if I find him guilty, not that I know what I'm going to do yet, but
 there would be no consideration of any probation. I can't probate sexual
 assault. So. . .
 [DEFENSE COUNSEL]: I guess I
 misunderstood. You cannot offer him deferred or straight probation?
 THE COURT: I can defer him, but not if I
 find him guilty. You see what I'm saying?
 [DEFENSE COUNSEL]: Yes, sir.
 THE COURT: So I want to hear whatever
 testimony either side's got to offer before I make a finding of guilty or of
 deferred. Because if I find him guilty, I can't give him deferred. Okay?
   

  
     Thus, appellant claims that based on incorrect and
erroneous advice of counsel concerning appellant's entitlement to community
supervision, he waived his right to trial by jury and to have the jury assess
punishment.
  
     The State responds that evidence from the hearing on
the motion for new trial establishes that appellant's defense attorney did
properly advise him of his sentencing options; therefore, the first prong of Strickland
is not fulfilled.(2)  Strickland v.
Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984).
  
     When a defendant challenges the voluntariness of a plea
entered upon the advice of counsel, contending that his counsel was ineffective,
the voluntariness of the plea depends on (1) whether counsel's advice was within
the range of competence demanded of attorneys in criminal cases and, if not, (2)
whether there is a reasonable probability that, but for counsel's errors, he
would not have pled guilty and would have insisted on going to trial.  Ex
parte Moody, 991 S.W.2d 856, 857-58 (Tex. Crim. App. 1999); see also
Strickland, 466 U.S. at 687, 104 S. Ct. at 2064.  As with other types
of ineffective assistance of counsel claims, appellant has the burden to show
that counsel's performance fell below a reasonable standard of competence and
that appellant would, with a reasonable probability, have pled not guilty and
insisted on going to trial had he been properly advised of the probation laws. 
See Moody, 991 S.W.2d at 858.
  
     First we examine trial counsel's performance. In
assessing competence, the court of criminal appeals has held counsel accountable
for knowledge, or the ability to attain knowledge, of relevant legal matters
that are neither novel nor unsettled.  Ex Parte Welch, 981 S.W.2d
183, 184 (Tex. Crim. App. 1998).  "[C]ounsel is strongly presumed to
have rendered adequate assistance and made all significant decisions in the
exercise of reasonable professional judgment."  Strickland,
466 U.S. at 690, 104 S. Ct. at 2066.  Our scrutiny of counsel's performance
must be highly deferential, and every effort must be made to eliminate the
distorting effects of hindsight.  Id. at 689, 104 S. Ct. 2065.
  
     Here, we conclude that appellant's trial counsel
provided effective assistance of counsel in advising him about his punishment
options.  After reviewing the record on appellant's motion for new trial,
we agree with the State's interpretation of the quoted dialogue between the
trial court and counsel--counsel initially was alarmed by the trial court's
statement that it could not "probate" a sexual assault case. Counsel
felt this meant that the court could not grant deferred adjudication, contrary
to what counsel believed and was seeking.
  
     The record reveals that appellant knew of the possible
range of punishment and that trial counsel fully advised him of his options. 
Although appellant claims that counsel told him he had to plead guilty to get
"probation" and he would not have pled guilty if he had known he would
get jail time, appellant was fully aware of the punishment range. 
Appellant remembered the judge telling him that he could receive
"probation" or receive penitentiary time within the full range of
punishment.  He further testified that he understood that the judge could
give him a prison sentence.
  
     Prior to appellant pleading guilty, appellant's counsel
explained the conditions of "probation." Appellant told counsel that
if possible, he wanted deferred adjudication.  Counsel also explained, and
appellant understood, that a jury could not give deferred adjudication. 
This was correct legal advice based on the law.  See Tex. Code
Crim. Proc. Ann. art. 42.12, § 5(a).
  
     Appellant argues that counsel guaranteed him
"probation" if he pled guilty.  Appellant had several witnesses
testify to support his argument.  Richard Hart, appellant's future
father-in-law, testified that he heard counsel tell appellant that "if you
went to trial, you would lose and you would go to TDC for 20 years." 
He did not, however, hear any discussion about "probation." Vickie
Hart, appellant's future mother-in-law, testified that she heard counsel say
twice that appellant would get "probation," but the third time he said
appellant would probably receive "probation."  She was
unsure if appellant was present during the conversation.  George Macklin,
appellant's pastor, testified that appellant told him that "[counsel] said
he ought to plead guilty because that's his best chance of getting probation. 
At which time, [counsel] said, that's really his only chance of getting
probation." Macklin never heard counsel tell appellant that if he pled
guilty he would get "probation." The witnesses' testimony actually
supports the State's argument that counsel advised appellant that he had a chance
of receiving deferred adjudication from the judge and not that he guaranteed it.
  
     Furthermore, appellant's counsel testified at the
hearing and defended his professional advice. He stated that based on his past
experiences with sexual assault cases, with the physical evidence against
appellant, and with the trial judge's history in these types of cases, he
thought appellant would likely get a long prison term if it went before a jury.
He never promised appellant that if he pled guilty to the judge he would get
"probation." He did fully explain appellant's options of going before
a judge or jury and the full range of punishment. He explained deferred
adjudication to appellant and informed him that the only way he could receive it
was if the judge gave it to him on an open plea of guilty. He also explained
that if he went to a jury, he could get "probation," but not deferred
adjudication. Counsel never told appellant what to do or how to plead, but
merely supplied him with all the options and then allowed him to make the
choice.
  
     Based on the record before us, we conclude that
counsel's advice was within the range of competence demanded of attorneys in
criminal cases. See Moody, 991 S.W.2d at 858. He advised
appellant of the punishment options and allowed him to make his own decision.
Thus, we overrule appellant's sole point.(3)
Conclusion
Having overruled appellant's sole point,
we affirm the trial court's judgment.
                                                                      
PER CURIAM
PANEL F: LIVINGSTON, J.; CAYCE, C.J.; and
DAY, J.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: May 22, 2003

1. See Tex. R. App. P. 47.4.
2. Throughout the plea hearings and motion for new trial
hearing, both attorneys, the witnesses, and the judge all used the term
"probation," which no longer appears in the code of criminal
procedure, to mean "regular" or "straight" community
supervision, as distinguished from deferred adjudication community supervision.
Thus, any possible confusion about the punishment options is the result of the
parties using an improper term.
3. Appellant asserts that Ex parte Battle is
factually similar and should require a remand with instructions to withdraw his
guilty plea and jury waiver. 817 S.W.2d 81 (Tex. Crim. App. 1991). However, the
attorney in Battle told his client that he was eligible for
court-ordered probation when he was not because of article 42.12, section 3g. Id.
at 83. Battle pled guilty to the charged offenses while fully believing he was
eligible to receive court-ordered probation. Id. Here, counsel did not
admit to giving erroneous advice. He fully advised appellant of his options,
which included the judge's ability to order deferred adjudication. Thus,
appellant's facts are distinguishable from Battle.