LEAL V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-139-CR

TIMOTHY GONZALEZ LEAL APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

------------

MEMORANDUM
 
OPINION
(footnote: 1)

------------

Appellant Timothy Gonzalez Leal appeals his conviction for sexual assault.  In his sole point, he argues that he received ineffective assistance of counsel because his trial attorney erroneously advised him that the trial court could grant “probation” for an offense under Texas Penal Code section 22.011. 
 
Tex. Penal Code Ann
. § 22.011 (Vernon 2003); 
see
 
Tex. Code Crim. Proc. Ann
. art. 42.12, § 3g (a)(1)(H) (Vernon Supp. 2003).  We affirm.

Factual Background

Appellant was indicted on November 16, 2000 for sexual assault. Following admonishments by the trial court, appellant pled guilty to the charge.  During the guilty plea hearing, several character witnesses testified on appellant’s behalf, and the victim testified for the State.  The trial court did not make an immediate ruling on appellant’s guilt, but recessed so that it could review the presentence investigation and the medical report.  The court reconvened two weeks later and found appellant guilty.  It assessed punishment of five years’ confinement.

Appellant filed a motion for new trial on April 16, 2002, in which he alleged ineffective assistance of counsel, without reciting specific allegations. The trial court held an evidentiary hearing on the motion and denied the motion by written order signed on June 6, 2002.

Ineffective Assistance of Counsel

In his sole point, appellant alleges that his trial attorney erroneously advised him that the trial court could grant “probation” for an offense under Texas Penal Code section 22.011.  Appellant argues that counsel was under the mistaken belief that appellant was eligible for regular community supervision from the trial court.  He focuses on the following dialogue from the guilty plea hearing:

THE COURT:  All right.  Now the way we’re going to handle this—Let me tell y’all how I’m going to handle this.  Obviously, if I find him guilty, not that I know what I’m going to do yet, but there would be no consideration of any probation.  I can’t probate sexual assault.  So. . .

[DEFENSE COUNSEL]:  I guess I misunderstood.  You cannot offer him deferred or straight probation?

THE COURT:  I can defer him, but not if I find him guilty.  You see what I’m saying?

[DEFENSE COUNSEL]:  Yes, sir.

THE COURT:  So I want to hear whatever testimony either side’s got to offer before I make a finding of guilty or of deferred.  Because if I find him guilty, I can’t give him deferred.  Okay?  

Thus, appellant claims that based on incorrect and erroneous advice of counsel concerning appellant’s entitlement to community supervision, he waived his right to trial by jury and to have the jury assess punishment.  

The State responds that evidence from the hearing on the motion for new trial establishes that appellant’s defense attorney did properly advise him of his sentencing options; therefore, the first prong of 
Strickland
 is not fulfilled.
(footnote: 2) 
 Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984).

When a defendant challenges the voluntariness of a plea entered upon the advice of counsel, contending that his counsel was ineffective, the voluntariness of the plea depends on (1) whether counsel's advice was within the range of competence demanded of attorneys in criminal cases and, if not, (2) whether there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial.  
Ex parte Moody
, 991 S.W.2d 856, 857-58 (Tex. Crim. App. 1999); 
see also Strickland
, 466 U.S. at 687, 104 S. Ct. at 2064.  As with other types of ineffective assistance of counsel claims, appellant has the burden to show that counsel's performance fell below a reasonable standard of competence and that appellant  would, with a reasonable probability, have pled not guilty and insisted on going to trial had he been properly advised of the probation laws.  
See
 
Moody
, 991 S.W.2d at 858.

First we examine trial counsel's performance.  In assessing competence, the court of criminal appeals has held counsel accountable for knowledge, or the ability to attain knowledge, of relevant legal matters that are neither novel nor unsettled.
  Ex Parte Welch
, 981 S.W.2d 183, 184 (Tex. Crim. App. 1998).  “[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.”  
Strickland
, 466 U.S. at 690, 104 S. Ct. at 2066.  Our scrutiny of counsel’s performance must be highly deferential, and every effort must be made to eliminate the distorting effects of hindsight. 
 Id
. at 689, 104 S. Ct. 2065.

Here, we conclude that appellant’s trial counsel provided effective assistance of counsel in advising him about his punishment options.  After reviewing the record on appellant’s motion for new trial, we agree with the State’s interpretation of the quoted dialogue between the trial court and counsel—counsel initially was alarmed by the trial court’s statement that it could not “probate” a sexual assault case.  Counsel felt this meant that the court could not grant deferred adjudication, contrary to what counsel believed and was seeking.

The record reveals that appellant knew of the possible range of punishment and that trial counsel fully advised him of his options.  Although appellant claims that counsel told him he had to plead guilty to get “probation” and he would not have pled guilty if he had known he would get jail time, appellant was fully aware of the punishment range.  Appellant remembered the judge telling him that he could receive “probation” or receive penitentiary time within the full range of punishment.  He further testified that he understood that the judge could give him a prison sentence. 

Prior to appellant pleading guilty, appellant’s counsel explained the conditions of “probation.”  Appellant told counsel that if possible, he wanted deferred adjudication.  Counsel also explained, and appellant understood, that a jury could not give deferred adjudication.  This was correct legal advice based on the law. 
See 
Tex. Code Crim. Proc. Ann
. art. 42.12, § 5(a).

Appellant argues that counsel guaranteed him “probation” if he pled guilty.  Appellant had several witnesses testify to support his argument.  Richard Hart, appellant’s future father-in-law, testified that he heard counsel tell appellant that “if you went to trial, you would lose and you would go to TDC for 20 years.”  He did not, however, hear any discussion about “probation.”  Vickie Hart, appellant’s future mother-in-law, testified that she heard counsel say twice that appellant would get “probation,” but the third time he said appellant would 
probably
 receive “probation.”  She was unsure if appellant was present during the conversation.  George Macklin, appellant’s pastor, testified that appellant told him that “[counsel] said he ought to plead guilty because that’s his best chance of getting probation.  At which time, [counsel] said, that’s really his only chance of getting probation.”  Macklin never heard counsel tell appellant that if he pled guilty he would get “probation.”  The witnesses’ testimony actually supports the State’s argument that counsel advised appellant that he had a 
chance
 of receiving deferred adjudication from the judge and not that he guaranteed it.  

Furthermore, appellant’s counsel testified at the hearing and defended his professional advice.  He stated that based on his past experiences with sexual assault cases, with the physical evidence against appellant, and with the trial judge’s history in these types of cases, he thought appellant would likely get a long prison term if it went before a jury.  He never promised appellant that if he pled guilty to the judge he would get “probation.”  He did fully explain appellant’s options of going before a judge or jury and the full range of punishment.  He explained deferred adjudication to appellant and informed him that the only way he could receive it was if the judge gave it to him on an open plea of guilty.  He also explained that if he went to a jury, he could get “probation,” but not deferred adjudication.  Counsel never told appellant what to do or how to plead, but merely supplied him with all the options and then allowed him to make the choice.

Based on the record before us, we conclude that counsel's advice was within the range of competence demanded of attorneys in criminal cases.  
See
 
Moody
, 991 S.W.2d at 858.  He advised appellant of the punishment options and allowed him to make his own decision.  Thus, we overrule appellant’s sole point.
(footnote: 3)
Conclusion

Having overruled appellant’s sole point, we affirm the trial court’s judgment.

PER CURIAM

PANEL F:  LIVINGSTON, J.; CAYCE, C.J.; and DAY, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  May 22, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.

2:
Throughout the plea hearings and motion for new trial hearing, both attorneys, the witnesses, and the judge all used the term “probation,” which no longer appears in the code of criminal procedure, to mean “regular” or “straight” community supervision, as distinguished from deferred adjudication community supervision.  Thus, any possible confusion about the punishment options is the result of the parties using an improper term.

3:
Appellant asserts that 
Ex parte Battle
 is factually similar and should require a remand with instructions to withdraw his guilty plea and jury waiver.  817 S.W.2d 81 (Tex. Crim. App. 1991).  However, the attorney in 
Battle
 told his client that he was eligible for court-ordered probation when he was not because of article
 42.12, section 3g. 
 Id
. at 83.  Battle pled guilty to the charged offenses while fully believing he was eligible to receive court-ordered probation.  
Id
.  Here, counsel did not admit to giving erroneous advice.  He fully advised appellant of his options, which included the judge’s ability to order deferred adjudication.  Thus, appellant’s facts are distinguishable from 
Battle
.