NO. 07-10-00443-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL E

 



JUNE
29, 2011

 



 

GARY DALE PHELPS, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 320TH DISTRICT COURT OF
POTTER COUNTY;

 

NO. 62,053-D; HONORABLE DOUG WOODBURN, JUDGE



 



 

Before CAMPBELL
and HANCOCK, JJ., and BOYD, S.J.[1]

 

MEMORANDUM OPINION

            Appellant,
Gary Dale Phelps, appeals his conviction for the offense of aggravated assault
with a deadly weapon[2]
and subsequent sentence of confinement in the Institutional Division of the
Texas Department of Criminal Justice (ID-TDCJ) of four years and a fine of
$500.  Appellant contends that he was
denied effective assistance of counsel and that the trial court committed
reversible error in failing to admonish him regarding his rights against
self-incrimination under the 5th Amendment to the United States
Constitution prior to his testimony at trial. 
We affirm.

Factual and Procedural Background[3]

            On
November 12, 2009, Monte Phillips observed a blue Ford pick-up dumping what
appeared to be construction debris on a private road in Potter County.  Phillips realized that the trash was being
dumped on the road that belonged to his neighbor, Jamie Macrander,
so he phoned Macrander and advised what was
occurring.  After Phillips phoned Macrander, Phillips went outside and started approaching
the pick-up while trying to get the attention of the male who was dumping the
trash.  At the same time, Macrander came out of his house and started toward the road.  

            After
being alerted that his dumping activities had been observed, the male got back
in the truck and turned around to leave. 
Phillips was able to obtain the license plate number of the truck as it
left the scene.  At the same time, Macrander went into the road and tried to stop the vehicle
from leaving.  While standing in the road
holding his hand up in an effort to advise the driver to stop, Macrander realized that the truck was not slowing down and
was headed directly at him.  Macrander was able to avoid being hit by the truck by
jumping to the side of the road.  He also
copied the license plate number down and called 911 to report the incident.

            Potter
County deputies were sent to the scene and, later that night, located a blue
Ford pick-up truck with the reported license plate number at a residence in
Amarillo.  The deputies who located the
truck talked to the two people at the residence about the trash dumping
incident.  Appellant was one of the two
people at the house and advised the deputies that he had been working removing
trash from a construction site in Amarillo that day but that he did not dump
any trash at the scene.  Appellant did
advise the deputies that he had hired two day laborers who were driving his
truck and that, if they had in fact dumped trash illegally,
he would be willing to go clean up the site.

            After
visiting with appellant, the deputies took pictures of appellant and the other
person at the house and went back to the Macrander
residence to show the pictures to Phillips and Macrander.  Both Phillips and Macrander
identified appellant as the male who was dumping the trash and driving the
truck when it nearly ran over Macrander.

            Appellant
was subsequently indicted for aggravated assault with a deadly weapon.  During the trial, appellant testified in his
own defense.  Prior to getting into the
facts of the case, appellant’s trial counsel elicited a response from appellant
affirming that he had in fact been convicted of a prior felony.  The defense presented an alibi defense tending
to show that the Ford pick-up involved in the incident was being driven by the
two day laborers that appellant had hired. 
At the conclusion of the testimony and after having prepared a proposed
charge, the trial court inquired as to whether the State or appellant had any
objections.  Neither State nor appellant
requested the submission of any lesser-included charges.  The jury then returned a verdict of guilty
against appellant.

            Appellant
had elected to go to the trial court for punishment.  During his testimony on punishment, his
counsel first attempted to ask questions regarding whether appellant was
familiar with and could abide by the terms and conditions of probation.  At that point, the State pointed out that,
under the laws of the State of Texas, appellant could not receive probation
from the trial court for the offense for which he was convicted.[4]  The trial court subsequently sentenced
appellant to a term of confinement in the ID-TDCJ of four years and assessed a
fine of $500.  This appeal followed
appellant’s conviction.

            Appellant
brings forth two issues.  First, he
alleges that trial counsel provided ineffective assistance in four particulars:
1) the failure of trial counsel to understand the law regarding punishment; 2)
the failure of trial counsel to request a charge on a lesser-included offense;
3) trial counsel’s introduction of evidence of appellant’s prior conviction;
and 4) the failure of trial counsel to object when the State introduced the
same prejudicial evidence of the prior conviction during the guilt innocence
phase of the trial.  Second, appellant
contends that the trial court committed reversible error by not admonishing
appellant regarding his right against self-incrimination prior to appellant’s
testifying during the guilt innocence phase of the trial.  We disagree with appellant’s contentions and
will affirm.

 

 

 

Ineffective Assistance of Counsel

Standard of Review

            In
determining whether counsel’s representation was so inadequate as to violate a
defendant’s Sixth Amendment right to counsel, Texas courts apply the
two-pronged test enunciated in Strickland v. Washington, 466 U.S. 668,
687, 104 S.Ct. 
2052, 80 L.Ed.2d 674 (1984).  See Hernandez v. State, 726 S.W.2d 53, 55 (Tex.Crim.App.
1986).  Judicial review of an ineffective
assistance of counsel claim must be highly deferential, and there is a strong
presumption that counsel’s conduct fell within the wide range of reasonable
professional assistance.  Strickland,
466 U.S. at 689.  An appellant bears the
burden of proving by a preponderance of the evidence that (1) counsel’s
representation fell below an objective standard of reasonableness and (2) the
deficient performance prejudiced the appellant. 
Freeman v. State, 125 S.W.3d 505, 511 (Tex.Crim.App. 2003). 
Failure to make the required showing of either deficient performance or
sufficient prejudice is fatal to an ineffectiveness claim.  See id.   Reviewing
courts “commonly assume a strategic motive if any can be imagined” and will
conclude that counsel’s performance was “deficient only if the conduct was so
outrageous that no competent attorney would have engaged in it.”  Andrews v. State,
159 S.W.3d 98, 101 (Tex.Crim.App. 2005).

Analysis

            Appellant
contends that there are four separate events of ineffective assistance of
counsel.  We will address each as they
allegedly occurred during the trial.

            Prior
Felony Conviction      
            We first address appellant’s
allegation of ineffective assistance during the guilt innocence phase of the
trial.  Both of these allegations concern
appellant’s conviction for a prior felony offense.  When appellant was called as a witness, the
first area of inquiry made by trial counsel concerned the fact that appellant
had been convicted of a prior felony offense. 
According to appellant, this inquiry into his prior conviction was an
act of ineffective assistance.  Appellant
also contends that, when the State questioned him about it during
cross-examination, his trial counsel was ineffective because he failed to
object to this inquiry.

            Our
initial inquiry addresses the question of whether the introduction of this
testimony fell below an objective standard of reasonableness.  See Freeman, 125
S.W.3d at 511.  Trial counsel can,
as a strategic decision, decide to blunt the effect of a prior conviction by
discussing the matter with his client on direct examination.  See Martin v.
State, 265 S.W.3d 435, 443 (Tex.App.—Houston [1st
Dist.] 2007, no pet). However, this decision is only viable if the prior
convictions are otherwise admissible.  See
Robertson v. State, 187 S.W.3d 475, 484-85 (Tex.Crim.App. 2006). 
The question of admissibility is decided under the guidance of the Texas
Rules of Evidence and cases interpreting the rules of evidence.  See Tex.
R. Evid. 609;[5]
Theus v. State, 845 S.W.2d 874, 880 (Tex.Crim.App. 1992).

 

            Rule
609 provides in pertinent part:

General Rule.  For the purposes
of attacking the credibility of a witness, evidence that the witness has been
convicted of a crime shall be admitted if elicited from the witness or
established by public record but only if the crime was a felony or involved
moral turpitude, regardless of punishment, and the court determines that the
probative value admitting this evidence outweighs its prejudicial effect to a
party.

The Theus
case provides guidance in determining when such evidence is admissible.  See Theus,
845 S.W.2d at 880. 
Under this analysis, we examine five factors in determining the
probative value of the prior conviction as opposed to its prejudicial effect:
1) the impeachment value of the prior conviction; 2) the temporal proximity of
the prior conviction; 3) the similarity between the past conviction and the
offense being prosecuted; 4) the importance of the appellant’s testimony; and
5) the importance of the credibility issue. 
Id.

            The
prior offense was a felony and, as such, met the first requirement of Rule
609.  The prior offense was a forgery
which has been held to be a crime of deception and, therefore, of relative high
impeachment value.  See Denman
v. State, 193 S.W.3d 129, 136 (Tex.App—Houston [1st
Dist.] 2006, pet. ref’d).  At the time the prior offense evidence was
presented, the time span between the forgery and the trial was approximately
five years.  This span has been
previously held to be temporally proximate for purposes of this analysis.  See Theus,
845 S.W.2d at 881. 
The previous conviction and the current case are not similar, and, under
the Theus analysis, this dissimilarity is
consistent with admissibility.  Id. at 880-81. 
The only Theus factor that seems to
militate against admissibility is the fact that appellant’s defense did not
rely only on his testimony.  Id.  In fact, appellant had a number of additional
witnesses that testified as to his alibi. 
However, in light of the two eyewitnesses that identified appellant at
the scene, the credibility of appellant’s testimony was critical.  This element would suggest that the prior
offense should be admitted under the Theus
analysis.  Therefore, we are left with
the conclusion that the evidence of appellant’s prior conviction was admissible
in the trial of the case.  Accordingly,
the strategic decision of trial counsel to blunt the impact of this evidence by
introducing it on direct examination was a valid trial decision of
counsel.  See Robertson, 187 S.W.3d at 485. 
Therefore, trial counsel’s action in this regard
did not fall below an objective standard of reasonableness.  See Freeman, 125
S.W.3d at 511.  

            The
same reasoning applies to appellant’s additional complaint about the failure of
trial counsel to object when the State on cross-examination proved up the prior
conviction by introduction of State’s exhibit 22. The failure of trial counsel
to object to admissible evidence is not ineffective assistance of counsel.  See McFarland v.
State, 845 S.W.2d 824, 846 (Tex.Crim.App. 1992) (en
banc), overruled on other grounds, Bingham v. State, 915 S.W.2d
9, (Tex.Crim.App. 1994).  As mentioned in the preceding paragraph,
trial counsel’s action in not objecting to the
introduction of the exhibit during cross-examination did not fall below an
objective standard of reasonableness.  See
Id.

            Failure
to Request Lesser-Included Charge

            Appellant
next contends that trial counsel was ineffective when he did not request the
inclusion in the Court’s Charge to the jury a lesser-included charge.  Appellant cites the Court to a number of
cases that indicate that there are at least two lesser-included
offenses to the offense for which appellant was being tried.  The fact that there are lesser-included
charges possible does not ipso facto dictate
that a failure to request one is an act of an ineffective counsel.  

            It
is instructive that appellant and his trial counsel discussed their collective
decision not to seek a lesser-included charge while appellant was testifying
during punishment.  When asked if they
decided to go all or nothing by not requesting a lesser-included charge,
appellant answered in the affirmative.  A
decision not to request the lesser-included charge when made as part of trial
strategy has been held not to be an act of ineffective assistance of
counsel.  See Fife v. State,
No. 07-02-00410-CR, 2004 Tex. App. LEXIS 4994, at *13-14 (Tex.App.—Amarillo
2004, no pet.) (not designated for publication) (citing Wood v. State, 4 S.W.3d 85, 87 (Tex.App.—Fort Worth 1999, pet. ref’d)).  Accordingly, we conclude that this was a matter
of trial strategy.  Appellant’s argument
is prefaced on the conclusion that, had a lesser-included charge been requested
and given, then the jury would have found appellant guilty of only the
lesser-included offense.  This is nothing
more or less than speculation and, in the face of a trial strategy decision, we are not convinced that appellant would have
forgone his all or nothing approach under any circumstances.  Therefore, as to his assertion regarding the
lesser-included offense issue, appellant has not met his burden of proof in an
ineffective assistance claim.  See
Freeman, 125 S.W.3d at 511.  Therefore, appellant’s claim of ineffective
assistance of counsel, as it pertains to the lesser-included offense issue, is
overruled.

 

 

            Failure
to Know the Law Relating to Punishment

            Appellant’s
last issue regarding trial counsel’s performance contends that, “counsel’s
fundamental lack of knowledge and/or misinterpretation of the law regarding
Texas criminal sentencing law was deficient and fell below an objective
reasonable standard of representation.” 
Two facts are apparent from the record: 1) appellant was not eligible
for probation from a jury because of his prior felony conviction; and 2) the
offense for which appellant was indicted was a “3g” offense that, by statute,
did not permit the trial judge to grant a probation.  See Tex.
Code of Crim. Proc. Ann.
art. 42.12 § 3g(a)(2).  That trial counsel is charged with knowledge
of the applicable law is beyond question. 
See Ex parte Welch, 981 S.W.2d 183, 185 (Tex.Crim.App. 1998) (trial counsel’s misunderstanding of
the law constituted ineffective assistance of counsel).  Appellant refers the Court to Aldrich v.
State for the proposition that counsel’s lack of understanding of the basic
principles of the law applicable to him is deficient performance under the
first prong of Strickland.  See Aldrich v. State, 296 S.W.3d 225, 242 (Tex.App.—Fort Worth 2009, pet. ref’d).  

            However,
we must disagree with appellant’s contention that the record before us demonstrates
that appellant would have made a different decision had he been accurately
informed of the law relating to probation. 
The record is silent on that point and, because of this silence, we are
asked to speculate that appellant would, in fact, have elected to do something
differently.  Such speculation is not how
deficient performance is to be determined. 
See Freeman, 125 S.W.3d at 511.  

            Additionally,
we see nothing in the record to demonstrate appellant has been harmed even if
we found that trial counsel’s performance was deficient.  Appellant was not eligible for probation from
the jury; therefore, he elected to go the judge for punishment.  The fact that the judge could not grant
probation did not cast harm on appellant, for to decide otherwise would mean we
must infer that the jury either could grant probation or would have given a
shorter sentence.  We know that the jury
could not grant probation, and speculation about a shorter sentence is just
that: speculation.  Appellant has not
carried his burden to demonstrate harm.  See
id.  Finally, the record reflects
that appellant received a sentence of four years confinement on a second-degree
felony that carried a possible punishment of up to 20 years confinement.  See Tex.
Penal Code Ann. § 12.33
(West 2011). 
Therefore, we decline to find trial counsel’s
action regarding sentencing to be ineffective.

            Having
considered all allegations of ineffective assistance of counsel and having
determined that in none of the instances was trial counsel ineffective,
we overrule appellant’s first issue.

Failure to Admonish Appellant of the
Right Against Self-Incrimination

            Appellant’s
final issue contends that, because the record is devoid of any admonition
regarding the right against self-incrimination and because appellant did
testify, the trial court must have committed reversible error.  However, such a proposition ignores existing
case law that has determined that the trial court has no duty to admonish a
defendant of his right against self-incrimination when he is represented by
counsel.  See Johnson v. State,
169 S.W.3d 223, 235 (Tex.Crim.App.
2005).  We are not disposed to depart
from this well-established precedent by placing that burden upon the trial
court.  Accordingly, appellant’s second
issue is overruled.

Conclusion

            Having
overruled appellant’s issues, the judgment of the trial court is affirmed.

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice

 

Do
not publish.  

 











[1] John T. Boyd, Chief Justice (Ret.), Seventh Court of
Appeals, sitting by assignment.  

 





[2]  See Tex. Penal
Code Ann. § 22.02(a)(2) (West 2011).

 





[3]
Appellant does not challenge the sufficiency of
the evidence to support his conviction and sentence, therefore, only those
portions of the record relevant to his issues will be recited.





[4]
See
Tex. Code Crim. Proc.
Ann. art. 42.12 § 3g(a)(2) (West Supp. 2010).





[5]
Further reference to the Texas Rules of Evidence
shall be by reference to “Rule ___” or “rule ___.”