# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00107-CR

**Javier M. Lozano, Sr., Appellant,**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT**
**NO. 12-1802-K277, HONORABLE RICK J. KENNON, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Javier Lozano appeals from a conviction for ten counts of sexual assault of a child. *See* Tex. Penal Code § 22.011. Lozano was sentenced to three consecutive twenty-year terms for counts one through three and seven concurrent ten-year terms for counts four through ten, for a total of 60 years. Lozano raises three points of error on appeal. In his first two points of error, he contends that his consecutive sentences violate the Cruel and Unusual Punishment Clause of the Eighth Amendment of the United States Constitution and the Cruel or Unusual Punishment Clause of Article I, section 13 of the Texas Constitution. In his third point of error, Lozano argues that he received ineffective assistance of counsel because his trial counsel failed to object to a victim's punishment recommendation during the punishment phase. We will affirm.

## BACKGROUND

The relevant facts are undisputed. Lozano began inappropriately touching N.P., his stepdaughter, when she was 13. When N.P. turned 16, Lozano began to have intercourse with her three or four nights per week for approximately ten weeks. Lozano confessed their sexual relationship to officers during an interview, as part of an investigation initiated when N.P. confided to a friend that she feared she might be pregnant with Lozano's child.

Lozano was indicted on ten counts of sexual assault of a child. Lozano waived his right to a jury trial and pleaded guilty. A punishment hearing was held, at which, when prompted by a prosecutor to "tell the judge what you hope to see happen after all of this," N.P. testified:

> I guess—I mean, I'm only 17, and it started when I was so young. I'm still a baby. And [Lozano] got to choose how he lived his life, and I want to live my life now and I don't want to live it ever knowing that now he's out. I don't want to be alive while he's free. If he's going to be free, I don't want to be here.
>
> And I just—he's left me with something that's going to follow me for the rest of my life, with relationships and how I deal with things. And he's already going to—he implanted something that he left, and that's all I want. I don't want anything else out there that I know relates to him.

Lozano's trial counsel did not object to this testimony.

In closing argument, Lozano contended that to cumulate more than two of the sentences would constitute cruel and unusual punishment under both the United States and Texas Constitutions. The State requested a cumulation of the ten sentences for a total of 100 years. The trial court sentenced Lozano to three 20-year terms in prison for counts one through three, ordering that the sentences run consecutively for a total of 60 years, and seven 10-year terms in prison for

counts four through ten, with the sentences to run concurrently to those for counts one through three. This appeal followed.

**DISCUSSION**

***Cruel and Unusual Punishment***

In points of error one and two, Lozano contends his sentences were cruel and unusual under the United States and Texas Constitutions. For a sentence to be cruel and unusual, it must be "grossly disproportionate" to the gravity of the offense. *Lockyer v. Andrade*, 538 U.S. 63, 72 (2003). To determine whether a sentence is grossly disproportionate, Texas courts follow the test set forth by the United States Supreme Court in *Harmelin v. Michigan*. *Carroll v. State*, No. 03-01-00597-CR, 2002 WL 1987779, at *2 (Tex. App.—Austin Aug. 30, 2002, no pet.) (not designated for publication); *see Harmelin v. Michigan*, 501 U.S. 957, 1004-05 (1991). The test requires an initial determination of whether the severity of the punishment is commensurate with the gravity of the offense committed. *Carroll*, 2002 WL 1987779, at *2. Where the threshold comparison leads to an inference of gross disproportionality, a reviewing court should then consider punishment for similar crimes in the same jurisdiction and for the same crime in other jurisdictions. *Id*. Because interpretation of the Texas constitutional prohibition tracks that of the Eighth Amendment, the two claims may be analyzed together. *Jackson v. State*, 989 S.W.2d 842, 845 (Tex. App.—Texarkana 1999, no pet.).

In determining whether Lozano's sentences satisfy the threshold inquiry, the reviewing court must grant substantial deference to legislative discretion. *Solem v. Helm*, 463 U.S. 277, 290 (1983). Texas courts have consistently stated that punishments such as Lozano's,

3

which fall within the limits prescribed by statute, are commensurate to the offenses for which they are handed down. *See Samuel v. State*, 477 S.W.2d 611, 614 (Tex. Crim. App. 1972) ("[T]his court has frequently stated that where the punishment assessed by the judge or jury was within the limits prescribed by the statute the punishment is not cruel and unusual within the constitutional prohibition."); *see also Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973). Under section 3.03 of the Texas Penal Code, sentences for sexual assault committed against a victim younger than 17 years of age may run "concurrently *or* consecutively." Tex. Penal Code § 3.03(b)(2)(A) (emphasis added). So long as the individual sentences are not elevated beyond their respective statutory maximums, the judge's decision is "unassailable on appeal." *Beedy v. State*, 250 S.W.3d 107, 110 (Tex. Crim. App. 2008). Sexual assault, as a second degree felony, allows for a maximum sentence of 20 years. Tex. Penal Code §§ 22.011, 12.33.

A particular sentence may fall within a permissible statutory range and still be grossly disproportionate. *Jackson*, 989 S.W.2d at 846. However, findings of gross disproportionality are reserved for the "extraordinary," (*Lockyer*, 538 U.S. at 77), "rare," (*Rummel v. Estelle*, 445 U.S. 263, 272 (1980)), or "extreme" (*Harmelin*, 501 U.S. at 1001) case. In weighing the gravity of the offense, a trial court is not required to consider mitigating evidence. *See Harmelin*, 501 U.S. at 995-96. Much of Lozano's argument for the exceptional severity of his consecutive sentences centers upon the trial court's perceived refusal to take into consideration his military service, possible PTSD or "moral injury," jailhouse religious conversion, and familial reconciliation. The trial court need not have considered any of these matters.[1] Instead, the trial court permissibly emphasized Lozano's

---

[1] The trial court stated on the record, however, that it did, in fact, consider these matters.

hypocrisy in condemning a home intruder who had raped N.P. in Georgia when she was 15 and his demand that the intruder receive a sentence exceeding 20 years; that the State could have charged Lozano with significantly more counts of sexual assault;[2] his "grooming" of N.P. in preparation for his sexual assault of her; and his betrayal of the trust placed in him by N.P. Three consecutive sentences of 20 years each are not disproportionate to such offenses. Accordingly, we overrule Lozano's first and second points of error.

***Ineffective Assistance of Counsel***

In his third point of error, Lozano argues that his trial counsel was ineffective for failing to object to an alleged victim's punishment recommendation. To prevail on an ineffective assistance of counsel claim, a defendant must prove by a preponderance of the evidence that (1) counsel's performance was deficient and (2) counsel's deficient performance prejudiced the defendant. *See Ramirez v. State*, 301 S.W.3d 410, 415 (Tex. App.—Austin 2009, no pet.); *see also Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Ramirez*, 280 S.W.3d 848, 852 (Tex. Crim. App. 2007).

It is unlikely that trial counsel's performance was deficient. Texas law is unresolved as to whether a victim may make a punishment recommendation during a sentencing hearing. *See Fryer v. State*, 68 S.W.3d 628, 630 (Tex. Crim. App. 2002). The court of criminal appeals has noted in dicta that the victim is at least arguably "in a position to give an opinion based rationally upon his observations of the crime itself," as the one who "suffered from the crime in the first

---

[2] While Lozano engaged in sexual intercourse with N.P. two to four times per week for a period of ten weeks, the conduct charged in the indictment covered a period of only five days.

place." *Taylor v. State*, 109 S.W.3d 443, 454 (Tex. Crim. App. 2003). Counsel's performance cannot be found ineffective where a claimed error is based upon unsettled law. *Ex parte Welch*, 981 S.W.2d 183, 184 (Tex. Crim. App. 1998).

Moreover, the record is insufficiently developed to rebut the presumption that trial counsel's failure to object was the result of reasonable professional judgment. *See Strickland*, 466 U.S. at 690. Lozano must affirmatively "produce a record" to show deficiency. *Coleman v. State,* No. 03-04-00469-CR, 2006 WL 2080656, at *5 (Tex. App.—Austin July 28, 2006, pet. ref'd) (mem. op., not designated for publication). In most cases in which a claim is brought on direct appeal, the record is too "undeveloped" to do so. *Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999); *Coleman*, 2006 WL 2080656, at *5; *see also Anderson v. State*, No. 03-13-00013-CR, 2015 WL 1214478, at *3 (Tex. App.—Austin Mar. 13, 2015, no pet.) (mem. op., not designated for publication). In addition, a claim brought on direct appeal is "further complicated" where the record includes only the punishment hearing. *Espino v. State*, No. 03-11-00120-CR, 2012 WL 3797598, at *3 (Tex. App.—Austin Aug. 30, 2012, no pet.) (mem. op., not designated for publication). Here, there is no evidence as to why trial counsel did not object. When confronted with a silent record, deficient performance will only be found where the challenged conduct was so outrageous that no competent attorney would have engaged in it. *Nava v. State*, 415 S.W.3d 289, 308 (Tex. Crim. App. 2013). Given the unsettled state of the law and the many strategic trial reasons counsel could have had in not objecting, it cannot be said that trial counsel's actions were so outrageous as to be necessarily deficient.

Even assuming, without deciding, that trial counsel's failure to object constituted a deficiency, the record does not support Lozano's assertion "that there is a reasonable probability

6

that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. The trial court judge's five-minutes of remarks justifying the imposition of the sentence occur over three pages of record. Lozano insinuates that the judge's brief statement, "I also have to take into account [N.P.'s] wishes as the victim," signifies that the victim's alleged recommendation inspired his consecutive sentences. By doing so, Lozano disregards that during his remarks, the judge declared that the "biggest concern I have," and "the things that I have to weigh in this case are your conduct."

The trial court judge also acknowledged that though Lozano was indicted only on 10 counts, he sexually assaulted N.P. from "20 to 60 times, not 10." He further elaborated that "other things that have kind of brought me to my decision was your statement in the interview about the Georgia rape [of N.P.]" that he wanted "to do all kinds of bad things" to the rapist, and that he had not been able to attend the sentencing, as he did not think that the 15 or 20 years the rapist received was enough. Lastly, the trial court judge confessed that the "hardest part" for him was Lozano's betrayal of the trust placed in him by N.P. and her mother. Lozano had been brought into their home as a "father figure" and had promised to protect N.P., but instead had "groomed" N.P. and taken advantage of the prior sexual assault.

Taken "in the context of the overall record," the victim's testimony was not prejudicial. *Ingham v. State*, 679 S.W.2d 503, 509 (Tex. Crim. App. 1984). We overrule Lozano's third point of error.

## CONCLUSION

Having overruled each of Lozano's points of error, we affirm the trial court's judgment.

_____

Scott K. Field, Justice

Before Justices Puryear, Pemberton, and Field

Affirmed

Filed:   October 23, 2015

Do Not Publish

8