**Alfred William BAKER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 49767.**

Court of Criminal Appeals of Texas.

April 2, 1975.

Stan Brown, Abilene, for appellant.

Ed Paynter, Dist. Atty., Abilene, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction of burglary. Appellant pled guilty. Punishment was assessed by the jury at five and a half years.

Appellant contends that the trial court erred in refusing to submit appellant's requested charge on probation. Appellant testified and admitted that he had been convicted of two felony offenses of aggravated robbery. He also testified that the convictions were "on appeal" to the Court of Criminal Appeals.

The record reflects that these cases were on appeal.

Article 42.12, V.A.C.C.P., provides, in part:

". . . In no case shall probation be recommended by the jury except where the sworn motion and proof shall show, and the jury shall find in their verdict that the defendant has never before been *convicted of a felony* in this or any other State." (Emphasis supplied)

We construe the term "convicted of a felony" to mean a final conviction. A conviction which is "on appeal" is not final. In Carter v. State, 510 S.W.2d 323 (Tex. Cr.App.1974), this Court wrote:

"It is, of course, axiomatic that if an appeal has been taken from a judgment of guilty in the trial court, that conviction does not become final until the trial court judgment has been affirmed by the appellate court; . . ."

Neither of appellant's prior convictions was final. Thus, the trial court erred in refusing to submit appellant's requested charge on probation.

■ A similar question was presented in Baker v. State, 519 S.W.2d 437 (No. 49,673, Feb. 26, 1975), against this appellant. In that case he filed a sworn application for probation. He testified at the punishment hearing that he had two prior convictions but that both convictions were "on appeal." However, the notice of appeal was not timely filed. Thus, the Court held that the defendant had not established that the prior convictions were "on appeal." The Court considered the effect of a showing that a prior conviction had been appealed and was pending in this Court. There we said:

"Had appellant demonstrated that the prior case was in fact on appeal at the time of trial in the instant case, we would be confronted with a different question, since in the prior case there would not have been a *final* conviction."

■ In the instant case it appears that his prior convictions were on appeal and pending in this Court. Thus, the prior convictions were not "final." The trial court, therefore, erred in refusing to sub-

mit appellant's requested charge on probation.

It may or may not be a sound rule for the jury to be able to pass upon the question of probation in several cases pending on appeal against an accused, but that is a question for the Legislature.

The judgment is reversed and the cause remanded.