Ray Charles FRANKLIN, Appellant,

v.

The STATE of Texas, Appellee.

No. 48509.

Court of Criminal Appeals of Texas.

June 18, 1975.

Gerald B. Scheve, Houston, Walter Boyd, Pasadena, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Gerald Flatten, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

The original appeal in this case was dismissed because the sentence was prematurely pronounced. It now appears that the sentence has been properly pronounced and notice of appeal given. The appeal is reinstated.

Appellant was convicted by a jury for the offense of assault with intent to murder with malice and they assessed his punishment at ten (10) years.

The appellant made an application for probation, wherein he swore he had never been convicted of a felony. A requested charge on probation was refused by the court.

The sole ground of error is that the court erred in its failure to instruct the jury on the issue of probation.

Appellant testified that he had previously been convicted for possession of marihuana and had been granted probation. He further testified that the probation had been revoked and that he had appealed from that order of revocation. There was no evidence that appellant had appealed from the judgment of conviction in that case.

In Baker v. State, 519 S.W.2d 437 (Tex.Cr.App.1975), we held that a jury could not recommend probation because the appellant had admitted and the proof showed that he had previously been convicted of a felony, even though the sentence was suspended and appellant was placed on probation. The Court pointed out that the burden of proof is on the accused to establish his eligibility for probation.

In Baker v. State, Tex.Cr.App., 520 S.W.2d 782, the conviction was reversed for failure to charge the jury on probation because the record reflected the defendant's prior conviction was on appeal and therefore not final. No such facts are present in this case. The fact that Franklin had appealed from the revocation order in his prior conviction did not entitle him to have the jury in this case pass on probation, because such an appeal does not suspend the

finality of the prior judgment, for purposes of Art. 42.12, Vernon's Ann.C.C.P.

We hold that a charge on the issue of probation in the instant case was not required and overrule appellant's ground of error.

The judgment is affirmed.