**Ex Parte Jack Carrol WELCH.**

**No. 72,449.**

Court of Criminal Appeals of Texas,
En Banc.

Oct. 28, 1998.

Rhett Hoestenbach, Odessa, for appellant.

J. Roderick Price, Assist. DA, Odessa, Matthew Paul, State's Atty., Austin, for the State.

McCORMICK, Presiding Judge.

Applicant was convicted of murder and the jury assessed his punishment at twelve years' imprisonment in the Texas Department of Criminal Justice, Institutional Division. Applicant's conviction was affirmed on direct appeal. *Welch v. State*, 908 S.W.2d 258 (Tex.App.—El Paso 1995, no pet.). Applicant filed this application for habeas corpus relief pursuant to Article 11.07, Section 3, et seq., V.A.C.C.P.

Applicant contends that he was denied effective assistance of counsel during the punishment phase of his trial because trial counsel failed to file an application for probation. Applicant contends that at the time of his trial he had never been convicted of a felony and was eligible for probation. This Court remanded the application to the trial court to seek additional facts to determine why counsel did not file a sworn motion for probation on Applicant's behalf. In his affidavit trial counsel admits that he did not file an applica-

tion for probation because he believed that Applicant had a prior felony conviction and was therefore not eligible to receive probation from the jury. The trial court found applicant had been placed on felony probation before, but "was discharged, the guilty verdict set aside and accusation dismissed," in that cause pursuant to Article 42.12, Section 20, V.A.C.C.P.[1] The trial court then found applicant was released from all penalties and disabilities resulting from the offense and was eligible for probation at the time of trial on May 6, 1994. The trial court concluded applicant was entitled to a new trial and recommended that relief be granted.

We filed and set this application for submission to determine if applicant, who successfully completed the term of his deferred adjudication probation, resulting in the charges against him being dismissed, was eligible for probation from a jury, and if so, whether trial counsel rendered ineffective assistance in failing to file a motion for probation because of his belief that deferred adjudication probation disqualified applicant from receiving a probated sentence from the jury.

■ Applicant was entitled to effective assistance of counsel. Because the alleged error occurred during the punishment phase of trial, the standard announced in *Ex Parte Duffy*, 607 S.W.2d 507 (Tex.Cr.App.1980), applies. We therefore consider whether counsel was reasonably likely to render effective assistance, and whether counsel reasonably rendered effective assistance at trial. *Craig v. State*, 825 S.W.2d 128, 130 (Tex.Cr.App. 1992). Whether counsel was ineffective will be determined from the totality of the circumstances. *Ex Parte Cruz*, 739 S.W.2d 53 (Tex.Cr.App.1987). However, counsel's performance will be measured against the state of the law in effect during the time of trial and we will not find counsel ineffective where the claimed error is based upon unsettled

law. *Vaughn v. State*, 931 S.W.2d 564, 567 (Tex.Cr.App.1996). We must therefore determine if it was clear at the time of applicant's trial that applicant was eligible for probation from a jury.

On January 30, 1989, applicant entered a plea of guilty to the offense of burglary of a vehicle.[2] The trial court in that cause deferred adjudication of guilt and placed applicant on three years' probation pursuant to Article 42.12, Section 3d V.A.C.C.P. (1989).[3] On February 4, 1992, after successfully completing his probationary term, the trial court discharged and released applicant from the jurisdiction of the court for the burglary of a vehicle offense. Applicant was later charged with the instant offense. Trial counsel stated that because of applicant's prior 1989 probationary term he believed applicant was ineligible for probation from a jury and therefore did not file a motion for probation. Article 42.12, Section 4, V.A.C.C.P. provides, in pertinent part, that a defendant is not eligible for community supervision if the defendant does not file a sworn motion under subsection (e) of Section 4. Section 4(e) reads:

"A defendant is eligible for community supervision under this section only if before the trial begins the defendant files a written sworn motion with the judge that *the defendant has not previously been convicted of a felony* in this or any other state, and the jury enters in the verdict a finding that the information in the defendant's motion is true." (emphasis added).

■ Therefore, if applicant's prior probationary term resulted from a felony conviction, then he would not have been eligible for probation. *Franklin v. State*, 523 S.W.2d 947 (Tex.Cr.App.1975); *Baker v. State*, 519 S.W.2d 437 (Tex.Cr.App.1975). However, applicant's guilt was never adjudicated in connection with the 1989 burglary of a vehicle charge. Instead, the trial court deferred adjudication and ultimately dis-

---

**1.** With certain exceptions which are inapplicable here, Section 20 provides that upon satisfactory fulfillment of conditions of probation a trial court may dismiss the accusation against the defendant, discharge the defendant, and release him from all penalties and disabilities resulting from the offense to which he originally pleaded guilty. Article 42.12, Section 20, V.A.C.C.P.

**2.** At the time the offense occurred, burglary of a vehicle was a third degree felony. V.T.C.A. Penal Code, Section 30.04 (1989).

**3.** Now Article 42.12, Section 5.

charged applicant from further criminal penalty by dismissing the charges after applicant successfully completed his probationary term. Deferred adjudication is not a conviction. *McDougal v. State,* 610 S.W.2d 509 (Tex.Cr.App.1981) (because a deferred adjudication order is not a conviction, entry of such order could not be appealed prior to enactment of Article 44.01(j), V.A.C.C.P.); *see also Ex Parte Renier,* 734 S.W.2d 349 (Tex.Cr.App.1987) (order placing defendant on deferred adjudication probation is not a judgment of conviction). The Legislature has also indicated its unwillingness to treat a deferred adjudication order like a conviction. *See* Article 42.12, Section 5, V.A.C.C.P. Specifically, Article 42.12, Section 5(c) reads:

"On expiration of a community supervision period imposed under Subsection (a) of this section, if the judge has not proceeded to adjudication of guilt, the judge shall dismiss the proceedings against the defendant and discharge him. The judge may dismiss the proceedings and discharge the defendant prior to the expiration of the term of community supervision if in the judge's opinion the best interest of society and the defendant will be served. *A dismissal and discharge under this section may not be deemed a conviction for the purposes of disqualification or disabilities imposed by law for conviction of an offense, except that:*

"(1) upon conviction of a subsequent offense, the fact that the defendant had previously received community supervision with a deferred adjudication of guilt shall be admissible before the court or jury to be considered on the issue of penalty; ..." (emphasis added)

It is therefore clear from a plain reading of the statute under which applicant was placed on deferred adjudication probation and this Court's interpretation of that statute that applicant's 1989 probationary term did not result from a prior felony conviction. Ac-

cordingly, the 1989 probationary term did not render applicant ineligible for probation from a jury in the instant case[4] and counsel's belief that applicant was ineligible for probation from a jury was erroneous.

█ Because this is the first case to consider the probation eligibility of a defendant discharged from deferred adjudication probation, we would usually be hesitant to find counsel's failure to anticipate a future decision sufficiently egregious to consider his performance at the time of trial ineffective. *See Ex Parte Williams,* 753 S.W.2d 695 (Tex. Cr.App.1988). However, to be reasonably likely to render effective assistance to his client, a lawyer must be sufficiently abreast of developments in criminal law aspects implicated in the case at hand. *Id.* at 698. In this instance, the idea that the order deferring adjudication and placing applicant on probation was not a conviction was not novel at the time of applicant's trial. *McDougal,* 610 S.W.2d at 509. Rather, it should have been evident from a plain reading of the deferred adjudication statute itself that applicant was not barred from receiving a probated sentence from a jury. *See* Article 42.12, Section 5(c), V.A.C.C.P.; *Watson v. State,* 924 S.W.2d 711, 713 (Tex.Cr.App.1996); *Ex Parte Renier,* 734 S.W.2d at 366; *McDougal,* 610 S.W.2d at 509. Therefore, counsel reasonably should have considered that deferred adjudication probation would not serve as a bar to probation eligibility under Article 42.12, Section 4(e), V.A.C.C.P. Trial counsel should have filed a motion for probation and his failure to do so denied applicant his right to effective assistance of counsel. *See Ex Parte Davis,* 866 S.W.2d 234 (Tex.Cr.App. 1993) (counsel will be presumed to have knowledge of legal principle which is neither novel nor unsettled).

The judgment and sentence of the trial court is set aside, and the cause remanded to

---

4. This is consistent with our prior holdings construing the phrase "convicted of a felony." *See Taylor v. State,* 612 S.W.2d 566 (Tex.Cr.App. 1981) (defendant was not eligible for probation where defendant received the equivalent of a pardon because he was not exonerated from the prior finding of guilt); *Watkins v. State,* 572 S.W.2d 339 (Tex.Cr.App.1978) (defendant ineligi-

ble for probation despite full presidential pardons which did not exonerate him from prior finding of guilt); *Baker v. State,* 520 S.W.2d 782 (Tex.Cr.App.1975) (the phrase "convicted of a felony" means a final conviction, and a conviction on appeal is not a final conviction that makes a defendant ineligible for probation).

the trial court pursuant to Article 44.29(b), V.A.C.C.P.; *Ex Parte Walker*, 794 S.W.2d 36 (Tex.Cr.App.1990).