Eric Kenyatta JORDAN, Appellant,

v.

The STATE of Texas.

No. 156–99.

Court of Criminal Appeals of Texas.

Jan. 17, 2001.

Bobby Dale Barina, Killeen, for appellant.

James T. Russell, Asst. DA, Belton, Matthew Paul, State's Atty., Austin, for the State.

## OPINION

KELLER, P.J., delivered the opinion of the Court in which HOLLAND, WOMACK, KEASLER, HERVEY and HOLCOMB, JJ. joined.

In June 1995, appellant pled guilty to delivery of more than one but less than four grams of cocaine [1] and was placed on deferred adjudication community supervision (the "prior offense"). His community supervision was subsequently revoked (the "prior conviction"). Immediately after revocation of his community supervision, during the same hearing, appellant pled guilty to unauthorized use of a vehicle, a state jail felony (the "primary offense"). The prior conviction was used under the then existing version of Texas Code of Criminal Procedure, Article 42.12 § 15 to authorize a two-year sentence of incarceration. Absent the prior conviction, the trial court would have been required to place appellant on community supervision. The relevant section of the statute provided:

> On conviction of a state jail felony punished under Section 12.35(a), Penal Code, the judge shall suspend the imposition of the sentence of confinement and place the defendant on community supervision, *unless the defendant has been previously convicted of a felony,* in which event the judge may suspend the imposition of the sentence and place the defendant on community supervision or may order the sentence to be executed.[2]

In its second question for review the State asks whether a previous conviction under § 15 means a previous *final* conviction. In its brief under this question, the State argues that the Court of Appeals erred in relying upon Texas Penal Code § 12.42 cases for determining finality,[3] but should have looked instead to cases involving jury

---

1. Under Texas Health & Safety Code § 481.112(c), the offense is a second degree felony.

2. Texas Code of Criminal Procedure, Article 42.12 § 15 (1996) (emphasis added). The statute has since been amended to delete the italicized portion.

3. *See Jordan v. State,* 979 S.W.2d 75, 77 (Tex. App.—Austin 1998).

recommended probation under Texas Code of Criminal Procedure, Article 42.12.[4]

Two questions are raised by the facts of this case. First must the prior conviction be final to be eligible for use under § 15?[5] Second, was the prior conviction at issue in the present case final? The answers to these questions persuade us that appellant should prevail.

## A. Rules of statutory construction

■ Answering these questions requires employing the usual rules of statutory construction. We interpret a statute in accordance with the plain meaning of its language unless the language is ambiguous or the plain meaning leads to absurd results.[6] When the language is ambiguous, we may look to extratextual factors to interpret a statute.[7] In construing an ambiguous statute, we may consider, among other matters, the following: (1) the object sought to be attained, (2) circumstances under which the statute was enacted, (3) any legislative history, (4) common law or former statutory provisions, including laws on the same or similar subjects, (5) the consequences of a particular construction, (6) administrative construction of the statute, and (7) the title (caption), preamble, and emergency provision.[8]

## B. Analysis

### 1. The finality requirement

■ In connection with § 12.42 enhancement provisions and their predecessors, we have held uniformly that the prior convictions must be final convictions.[9] Even though the predecessors to § 12.42 did not contain any form of the word "final," we held that the word "conviction" necessarily meant a final conviction.[10] In arriving at that holding, we stated that the caselaw in Texas and many other states has held consistently that prior convictions must be final to be used for enhancement purposes.[11] The word "final" is included in the text of § 12.42(d) but is not included in any of the other subsections of that statute. Nevertheless, we have always held that prior convictions must be final under the statute, even for those provisions that did not contain the word "final."[12]

The word "finally" was included in the text of § 12.42(a)(1) & (2) when it was

---

4. We dismiss the State's first question for review relating to preservation of error.

5. Another potential question is: *When* must the prior conviction have occurred to be eligible for use under § 15? The statutory phrase "previously convicted" has two possible meanings: (1) that the prior conviction occurred before the *commission* of the primary offense, or (2) that the prior conviction occurred before *sentencing* for the primary offense. If the former is correct, then appellant would prevail and the remaining questions posed become moot. Because appellant was on deferred adjudication for the prior offense at the time the primary offense was committed, there was no prior conviction at all, much less a final one. *Busby v. State,* 984 S.W.2d 627, 629 (Tex.Crim.App.1998). On the other hand, if sentencing is the relevant time period, then the finality issue must be addressed. The Court of Appeals' opinion and the parties' briefs address only the finality questions. Given that our answers to the finality questions will call for the same disposition regardless of which way the timing question is resolved, and no one has posed the timing question, we will not resolve that issue at this juncture. We will assume, without deciding, that sentencing is the relevant time period for determining the existence of a prior conviction and address the finality questions.

6. *Boykin v. State,* 818 S.W.2d 782, 785–786 & 786 n. 4 (Tex.Crim.App.1991).

7. *Id.*

8. Tex. Gov't.Code, § 311.023; *Brown v. State,* 943 S.W.2d 35, 38 (Tex.Crim.App.1997).

9. *Arbuckle,* 105 S.W.2d at 219–220; *Russell,* 790 S.W.2d at 657.

10. *Arbuckle,* 105 S.W.2d at 222.

11. *Id.* at 221–222.

12. *Russell,* 790 S.W.2d at 656–657 (§ 12.42(c)(1985)); *Jones,* 711 S.W.2d at 635 (same); *Diremiggio,* 637 S.W.2d at 927 n. 1 (same).

added to the Penal Code by SB 15.[13] The Legislature did not, however, add any form of the word "final" to any of the other subsections of § 12.42. The fact that the Legislature expressly articulated a finality requirement in § 12.42(a)(1) & (2) and did not choose to include any form of the word "final" in its revision of § 15, adopted at the same time, could be some indication that the Legislature did not intend to impose a finality requirement in § 15. But such a conclusion is undercut by the fact that the Legislature, despite its knowledge of our caselaw applying finality concepts to all of § 12.42, did not revise the other sections of § 12.42 to expressly articulate a finality requirement. Given this Court's history of construing the word "conviction" to mean "final conviction," the placement of the word "finally" in only a few portions of a different statute is not particularly clear evidence of legislative intent for § 15.

Moreover, caselaw interpreting the Article 42.12 § 4 jury-recommended probation provision also holds that the prior felony conviction must be a *final* felony conviction.[14] In *Baker v. State*, the defendant had one prior felony conviction, but that conviction was on appeal.[15] Nevertheless, the trial court, reasoning that the defendant had a prior felony conviction, refused to submit the issue of probation to the jury.[16] We reversed, holding that the prior conviction did not bar jury-recommended probation because the conviction was not final.[17]

Further, the consequences of construing § 15 without a finality requirement strongly support finding a finality requirement in the provision. Some hypothetical examples illustrate the problem. Suppose, for example, that defendant A is convicted of a third degree felony, sentenced to prison, and then appeals. Defendant A is subsequently convicted of a state jail felony arising from a different transaction. At the punishment hearing for the state jail felony, the trial judge finds that the third degree felony conviction is an applicable "prior conviction"—even though the appeal for that conviction is still pending—and sentences defendant A to state jail. Later, defendant A's third degree felony conviction is reversed on appeal and a judgment of acquittal for legally insufficient evidence is rendered. Now there is no prior conviction by which to justify defendant A's state jail sentence. To attempt to justify retaining the sentence on the theory that "there was a conviction at the time" is a hollow contention because defendant A was acquitted and he may well have been innocent of the third degree felony charges. Given the clear intent of § 15 as discussed above, it would seem that the Legislature would not have contemplated that such a person would be denied community supervision.

Next consider a hypothetical involving defendant B, who is like defendant A in every respect except that after conviction on the primary offense, defendant B files a motion for new trial on the prior convic-

---

**13.** Acts 1995, 74th Leg., Ch. 318, § 1, p. 2735 (SB 15).

**14.** Article 42.12 provides in relevant part:
Section 4. (a) A jury that imposes confinement as punishment for an offense may recommend to the judge that the judge suspend the imposition of the sentence and place the defendant on community supervision A judge shall suspend the imposition of the sentence and place the defendant on community supervision if the jury makes that recommendation in the verdict
      * * *
(e) A defendant is eligible for community supervision under this section only if before trial

begins the defendant files a written sworn motion with the judge that the defendant has not previously been convicted of a felony in this or any other state, and the jury enters in the verdict a finding that the information in the defendant's motion is true.

**15.** 520 S.W.2d 782, 783 (Tex.Crim.App.1975).

**16.** *Id.*

**17.** *Id.*

tion, and the trial court grants the motion on the grounds of legally insufficient evidence. Again, for the above reasons, it appears that the Legislature would not have intended that defendant B would be denied community supervision.

■ These hypotheticals illustrate the illogic of attempting to impose sentence based upon a pending, non-final conviction. Trial judges should not be placed in the position of attempting to predict what an appellate court might do in a pending case, nor should trial courts be placed in the position of having their judgments overturned because of subsequent events that occur in a pending case. The finality concept exists in part to prevent such occurrences. When a case is final, it then becomes "official" in the sense that agencies and courts can routinely rely upon the existence of the conviction.[18] We hold that a "conviction" must be a final conviction for purposes of § 15.

### 2. Finality of the prior conviction before us

■ The second question to be addressed is whether the prior conviction relied upon by the trial court in the present case was final. Our cases have stated the general proposition that "[a] conviction from which an appeal has been taken is not considered final until the appellate court affirms the conviction and issues its mandate."[19] However, probated sentences and probation revocations pose some unique issues. Whether a probated sentence constitutes a final conviction, and whether an appeal from the revocation of probation affects the finality of the conviction, depends upon the context in which the prior conviction is being used. A probated sentence is not a final conviction for enhancement purposes under § 12.42 unless it is revoked.[20] Because an appeal could undo the revocation, reason would dictate that the conviction cannot be final for such purposes until any appeal of the revocation has been resolved.[21]

■ But, so long as any appeal of the imposition of probation has been resolved, a probated conviction does constitute a final conviction for the purpose of determining a defendant's eligibility for probation in a new case under Article 42.12 § 4(a).[22] A conviction in which a probated sentence is imposed is considered final for this purpose even if probation is never revoked[23] or the revocation of probation is on appeal.[24] Only an appeal of the original conviction proceedings (in which probation was granted) can render the conviction nonfinal.[25] In *Franklin*, the defendant was convicted of assault with intent to murder with malice and the jury assessed punishment at ten years.[26] The defendant filed an application for probation and swore that he had never before been convicted of a felony.[27] The defendant testified that he had been previously convicted

---

18. Of course, a final conviction could be rendered nonfinal if it is overturned in a writ of habeas corpus. But habeas corpus jurisprudence incorporates finality concerns and cognizability of errors is limited.

19. *Johnson v. State*, 784 S.W.2d 413, 414 (Tex.Crim.App.1990); *Arbuckle*, 105 S.W.2d at 219.

20. *Ex Parte Langley*, 833 S.W.2d 141, 143 (Tex.Crim.App.1992).

21. *See Ex Parte Miller*, 552 S.W.2d 164, 165 (Tex.Crim.App.1977)(probation continues to run until revocation order is entered and become final, either by failure to take an appeal or by affirmance if appeal is taken).

22. *Franklin v. State*, 523 S.W.2d 947, 947–948; *see also Ex Parte Welch*, 981 S.W.2d 183 (Tex.Crim.App.1998) and *Earhart v. State*, 823 S.W.2d 607, 622–623 (Tex.Crim.App.1991).

23. *Earhart*, 823 S.W.2d at 622–623.

24. *Franklin*, 523 S.W.2d at 947–948.

25. *Franklin*, 523 S.W.2d at 947; *Baker*, 520 S.W.2d at 783.

26. 523 S.W.2d at 947.

27. *Id.*

of felony possession of marijuana and had been granted probation.[28] He further testified that the probation had been subsequently revoked and that there was an appeal of the revocation order pending.[29] Nothing in the record, however, indicated that the defendant had ever appealed from the original judgment of conviction.[30] We held that the marijuana conviction was final for purposes of the probation eligibility provision of Article 42.12 because no appeal was pending on the conviction; that an appeal was pending on the revocation order was irrelevant.[31]

■ A motion for new trial, which also has the potential for undoing the proceedings, may likewise render a conviction nonfinal.[32] Under *Franklin*, however, for the purpose of determining probation eligibility in a new prosecution, a motion for new trial could affect the finality of a judgment granting probation only if the motion pertained to the original proceedings.

The State argues that *Franklin*, rather than the § 12.42 cases, should determine whether a conviction is final under § 15. Assuming *arguendo* that § 15 is sufficiently analogous to § 4(a) as to render the application of *Franklin* legitimate, the State's argument must nevertheless fail.

If the prior offense in the present case had involved regular probation, rather than deferred adjudication, a straightforward application of *Franklin* would be possible, and we could conclude, based upon *Franklin*, that appellant's prior conviction was final at the time of sentencing. But the present case involves a deferred adjudication rather than regular probation, and a straightforward application of *Franklin* is not possible.

■ Unlike regular probation, a deferred adjudication does not constitute a final conviction for the purpose of determining eligibility for probation in a subsequent prosecution.[33] Only upon revocation (i.e. adjudication of guilt) does a deferred adjudication become a conviction. Because a defendant whose deferred adjudication probation is revoked cannot at the time of revocation appeal the original guilty plea [34] or the decision to adjudicate, he is in a situation similar in most respects to a defendant who appeals a revocation order in a regular probation case. Even after revocation of his deferred adjudication probation, however, such a defendant can file a motion for new trial, and if a new trial is granted, the conviction itself would be undone.[35]

28. *Id.*

29. *Id.*

30. *Id.*

31. *Id.* at 947–948.

32. *Cranfil v. State*, 525 S.W.2d 518, 522 (Tex.Crim.App.1975)(conviction was final because motion for new trial had been overruled by operation of law).

33. *Welch*, 981 S.W.2d at 184–185 (distinguishing *Franklin* ).

34. *Manuel v. State*, 994 S.W.2d 658 (Tex. Crim.App.1999).

35. Perhaps such a scenario would seem unlikely (although still possible) when the same trial court handles both the prior offense and the primary offense. In another case, however, different trial courts could be handling the different offenses—resulting in a greater likelihood that the situation could occur. The statute does not distinguish between offenses handled by the same trial court and those that are not.

There is caselaw that indicates that a judgment becomes final upon imposition if no appeal is taken. *Woolsey v. State,* 166 Tex. Crim. 447, 314 S.W.2d 298, 300 (1958). *Woolsey* suggests the possibility that a court could retrospectively determine whether an appeal or a motion for new trial was filed in a particular case. But *Woolsey* addresses enhancement provisions, in which the conviction was required to be final before the primary offense was committed, *id.*, and so, the trial judge knew, or could at least reasonably suppose, that an appeal or a motion for new trial had not in fact been filed because the time for filing would have expired. When, however, a defendant still has time to file a motion for new trial or appeal of the prior conviction, the trial judge's decision (depending upon the nature of the case) could be invalidated by the mere filing of a motion for

At the time the trial judge sentenced appellant to state jail in connection with the primary offense, appellant still had time to file a motion for new trial in the proceedings involving the prior conviction. The prior conviction was, therefore, not final and could not be used to deny appellant community supervision in the primary offense.

The judgment of the Court of Appeals is affirmed.

PRICE, J., filed a concurring opinion, in which MEYERS and JOHNSON, JJ., joined.

PRICE, J., concurring, in which MEYERS and JOHNSON, JJ., join.

I agree with the majority's holding that Code of Criminal Procedure Article 42.12, section 15 requires that a prior conviction be final to be eligible for use under section 15. I also agree that the appellant's 1995 conviction for delivery of cocaine was not final. I write separately because I disagree with the majority's language relating to "regular" community supervision.

The rationale for not finding the appellant's conviction final, according to the majority, is that he could have filed a motion for new trial upon revocation of his deferred adjudication community supervision. *See* Tex.Code Crim.Proc. art. 42.12 § 5(b); Tex.R.App.P. 21.4. In the context of deferred adjudication community supervision *after adjudication*, if a motion for new trial is granted, then the conviction no longer exists. *See, e.g., Ex parte Miller,* 552 S.W.2d 164, 165 (Tex.Crim.App.1977). The majority contrasts regular community supervision because the defendant in that context has been convicted; the defendant must raise issues relating to the conviction immediately after he has been convicted and the execution of sentence suspended. *Ante* at 875 (citing *Earhart v. State,* 823 S.W.2d 607, 622–23 (Tex.Crim.App.1991),

and *Franklin v. State,* 523 S.W.2d 947, 947–48 (Tex.Crim.App.1975)).

When regular community supervision is revoked, the defendant has the right to appeal from the revocation proceedings. *See* Tex.Code Crim.Proc. art. 42.12 § 23(b) ("When he is notified that his community supervision is revoked for violation of the conditions of community supervision and he is called on to serve a sentence in a jail or in the institutional divisions of the Texas Department of Criminal Justice, he may appeal the revocation"). The permissible subject matter of the appeal is limited, but the defendant possesses the right nonetheless. For example, the defendant may appeal the basis for the revocation or the trial court's jurisdiction to revoke. If a reviewing court finds that the trial court abused its discretion in revoking the defendant's community supervision, or that the trial court did not have jurisdiction to revoke community supervision, it may reverse the revocation. *See, e.g., Brecheisen v. State,* 4 S.W.3d 761, 765 (Tex.Crim.App. 1999) (holding that the trial court did not have jurisdiction to revoke the appellant's community supervision revocation and dismissing the State's motion to revoke); *Cardona v. State,* 665 S.W.2d 492, 495 (Tex.Crim.App.1984) (holding that the trial court erred in finding that the appellant violated the conditions of his community supervision and reversing the revocation). If the revocation is reversed, the defendant no longer has a final conviction because his community supervision has not been revoked. "Because an appeal could undo the revocation, reason would dictate that the conviction cannot be final for such purposes until any appeal of the revocation has been resolved." *Ante* at 875.

I disagree with the majority that, "so long as any appeal of the *imposition* of probation has been resolved, a probated [sentence] does constitute a final conviction for the purpose of determining a defendant's eligibility for probation under Arti-

new trial or a notice of appeal. We should not put a trial judge in the position of basing

his ruling upon a guess as to what a party is going to do next.

cle 42.12 § 4(a)," *id.* at 875–76 (emphasis added), and I would overrule *Franklin v. State*, 523 S.W.2d 947 (Tex.Crim.App. 1975), and *Earhart v. State*, 823 S.W.2d 607 (Tex.Crim.App.1991), to the extent that they are inconsistent with this opinion.

I concur in the judgment of the Court.