**Ex Parte Richard Wayne GRAY, Jr.**

No. 05–02–01247–CV.

Court of Appeals of Texas, Dallas.

July 17, 2003.

Richard Wayne Gray, Dallas, pro se.

William T. (Bill) Hill, Jr., and Donald G. Davis, Dallas, for State.

Before Justices MOSELEY, O'NEILL, and FRANCIS MALONEY.[1]

## OPINION

Opinion By Justice FRANCIS MALONEY (Assigned).

This is a summary judgment case. Richard Wayne Gray, Jr. petitioned the trial court to expunge all records and files relating to an April 25th arrest. The trial court granted the State's Motion for Summary judgment. Appellant appeals the trial court's denial of his petition for ex-

punction, arguing that he satisfied all of the statutory requirements for expunction.[2] We disagree and affirm the trial court's judgment.

## BACKGROUND

On March 31, 1997, the trial court convicted appellant of an offense,[3] sentenced him to two years confinement in a state jail, suspended imposition of sentence, and placed appellant on community supervision for two years. On March 2, 1998, the trial court revoked appellant's community supervision in the case.

On April 25, 1997, appellant was arrested and charged with failure to register as a sex offender. Ultimately, the trial court dismissed this charge.[4] Appellant petitioned the court to expunge all records and files relating to his April 25th arrest.

The State moved for summary judgment alleging that appellant's March 31, 1997 conviction required the trial court to deny the expunction petition. On April 4, 2002, the trial court granted the State's summary judgment and denied appellant's motion. On June 14, 2002, Gray filed his notice of appeal and moved for an extension of time to file a notice of appeal. Gray's motion alleged that he did not become aware of the April 4th judgment until May 15, 2002.

---

1. The Honorable Frances Maloney, Retired, Court of Appeals, Fifth District of Texas at Dallas, sitting by assignment.

2. Appellant does not complain of the trial court's granting the State's motion for summary judgment. He only attacks the trial court's not granting his request for expunction.

3. The clerk's record shows that the Department of Public Safety Answer alleges a conviction for Theft in cause number 219–80554–96 on March 31,1997 in the 219th District of Collin County, Texas while the State's Motion for Summary Judgment alleges a conviction

for Indecency with a Child in the same cause number and same court. Because the conviction attached to the State's motion for summary judgment was not authenticated, we treat it as an attachment to a pleading.

4. The actual date of arrest is unclear from the record. At various places in his brief, appellant claims the arrest occurred on April 27, 1997 and April 25, 1997. In the original expunction petition, appellant alleges the arrest occurred on August 28, 1997. In a responsive pleading to the state's answer, however, appellant asserts the arrest occurred on April 26, 1997. The State indicates the arrest took place on April 25, 1997.

## JURISDICTION

In its brief, the State contends that we lack jurisdiction to consider this appeal because Gray's notice of appeal was untimely. The State argues that appellant failed to comply with rule 306a of the Texas Rules of Civil Procedure which proscribes the procedure and requirements for extending the time to file a notice of appeal.

### 1. Applicable Law

Generally, an appellant must file his notice of appeal within thirty days after the trial court signs the judgment or order. Tex.R.App. P. 26.1(a). The appellate rules allow the trial court to extend the thirty-day period when a party is unaware of the trial court's judgment. Tex.R.App. P. 4.2(a). To obtain the additional time, however, a party must comply with the procedure set out in rule 306a.5 of the Texas Rules of Civil Procedure. Tex.R.App. P. 4.2(b). After hearing a rule 306a.5 extension motion, "the trial court must sign a written order that finds the date when the party or [his] attorney first either received notice or acquired actual knowledge that the judgment or order was signed." Tex. R.App. P. 4.2(c). The time to appeal begins when the trial court determines the time the party received notice or acquire actual knowledge of the signed judgment, whichever is earlier. Tex.R.App. P. 4.2(a)(1).

### 2. Application of Law to the Facts

■ Although appellant moved to extend the time for filing his notice of appeal under rule 306a, our record contained no written order by the trial court finding the date when Gray received notice or actual knowledge of the April 4th judgment. Consequently, we abated this matter and ordered the trial court to conduct a hearing and enter an order on the rule 306a motion. We have now received the trial court's order which indicates that appellant first received notice of the April 4, 2002 order granting summary judgment on May 15, 2002. Accordingly, appellant's notice of appeal filed on June 14, 2002 was timely. We have jurisdiction to address the merits of this appeal.

## DENIAL OF EXPUNCTION

In his sole issue, appellant contends the trial court erred in denying his expunction petition because he satisfied all of the statutory prerequisites including the requirement that he have no felony conviction in the five years preceding the arrest he seeks to expunge. Appellant specifically asserts his March 31, 1997 conviction was not final until his community supervision was revoked, which occurred after his arrest for failure to register.[5] We disagree.

### 1. Applicable Law

■ A trial judge may, after conviction, suspend the imposition of that sentence and place a defendant on probation. Tex. Code Crim. Proc. Ann. art. 42.12 § 3(a) (Vernon 2001). We deem a probated conviction final even if the trial court never revoked that probation or the revocation of probation was pending on appeal. *See Heine v. Tex. Dept. of Public Safety,* 92 S.W.3d 642, 647 (Tex.App.-Austin 2002, pet. filed) (citing *Jordan v. State,* 36 S.W.3d 871, 875 (Tex.Crim.App.2001)).

### 2. Application of Law to the Facts

■ Because appellant's March 22, 1997 conviction was a final conviction that occurred within the five years preceding the

---

**5.** In his brief appellant also contends his March 31, 1997 conviction was not final until his petition for discretionary review was re- fused by the Court of Criminal Appeals on January 9, 2002.

arrest appellant sought to expunge, the trial court did not err in denying appellant's expunction petition.

We affirm the trial court's judgment.