OPINION

HERVEY, J.,
delivered the opinion of the Court
in which KELLER, P.J., MEYERS, PRICE, WOMACK, KEASLER, HOLCOMB and COCHRAN, JJ.,
joined.
Appellant was convicted of acting as a manager of a sexually-oriented enterprise without a permit in violation of Houston, Tex., Code of Ordinances No. 97-75, § 28-253(a), (“the ordinance”).[1] The evidence shows that appellant was the only one conducting business and operating the cash register in the enterprise when the police arrived there and discovered that appellant had no manager’s permit.[2]
*850 Appellant claimed on direct appeal (through a sufficiency of the evidence challenge) that this evidence showed that he did not fall within the definition of “manager” but that he fell within the definition of “employee” who did not need a permit under the ordinance. The Court of Appeals decided in an unpublished decision that the evidence supported a finding that appellant was acting as an “on-site manager” which was included within the definition of “manager” under the ordinance. See Taylor v. State, No. 01-01-00505-CR, slip op. at 10, 2002 WL 1722154 (Tex.App.Houston [1st Dist], delivered July 25, 2002) (unpublished) (evidence legally sufficient to support appellant’s conviction for managing sexually-oriented business without permit because appellant conducted its business as an on-site manager by operating a cash register and delivering a service to the customers).
Appellant argues on discretionary review that the evidence shows that he “was not a manager but [an employee] as defined in the Ordinance.” The Court of Appeals, however, decided that the evidence was sufficient to support a finding that appellant was acting as an “on-site manager” which was included within the definition of “manager” under the ordinance.[3] See Taylor, slip op. at 10. Section 28-251 of the ordinance defines “on-site manager” as:
A person charged by an owner or operator of an enterprise with the responsibility for direct supervision of the operation of the enterprise and with monitoring and observing all areas of the enterprise to which customers are admitted at all times during which the enterprise is open for business or customers are on the premises of the enterprise.
Our duty is to construe this provision according to its “plain” textual meaning without resort to extratextual sources. See Boykin v. State, 818 S.W.2d 782, 785 (Tex.Cr.App.1991); Rosenblatt v. City of Houston, 31 S.W.3d 399, 403 (Tex.App.-Corpus Christi 2000, pet. denied), cert. denied, 532 U.S. 1067, 121 S.Ct. 2218, 150 L.Ed.2d 211 (2001) (statutory rules of construction also apply to construing city ordinances). We will, however, also resort to extratextual sources to construe this provision if we decide that it is ambiguous or that construing it according to its “plain” textual meaning will lead to “absurd consequences.” See Jordan v. State, 36 S.W.3d 871, 873 (Tex.Cr.App.2001). The cardinal rule is to discern and give effect to the intent of the legislative body that enacted this provision. See Boykin, 818 S.W.2d at 785; Rosenblatt, 31 S.W.3d at 403.
The evidence that appellant was the only one conducting the business of the enterprise by operating the cash register and delivering a service to the customers reasonably supports an inference that appellant had been entrusted “with the responsibility for direct supervision of the operation of the enterprise and with monitoring and observing all areas of the enterprise to which customers are admitted at all times during which the enterprise is open for business.” See Laeour v. State, 8 S.W.3d 670, 671 (Tex.Cr.App.2000) (eviden-tiary legal sufficiency standard meant to give full play to the factfinder’s responsi *851 bility fairly to draw reasonable inferences from basic facts to ultimate facts). This brings appellant within the “plain” meaning of the definition of “on-site manager” in the ordinance. And, applying the “plain” meaning of this definition of “on-site manager” to appellant is not absurd. See Boykin, 818 S.W.2d at 785.
Appellant nevertheless claims that this renders the definition of “employee” in the ordinance meaningless, thus violating the rule of statutory construction that we must presume the legislative body intended the entire ordinance to be effective.[4] See Tex. Gov’t Code Ann., § 311.021(2) (in enacting a statute, it is presumed that the entire statute is intended to be effective). We agree that there may be some overlap between the two terms. But, there is nothing unusual or absurd for an on-site manager of an organization to also be considered an employee of the organization as well. Also, the ordinance’s definition of “employee” is much broader than the definition of “on-site manager” meaning that a person can meet the definition of the former but still not meet the definition of the latter.
The judgment of the Court of Appeals is affirmed.
Keller, P.J., filed a concurring opinion in which PRICE, HOLCOMB and COCHRAN, JJ., joined.

. Section 28-253(a) states that “[i]t shall be unlawful for any person who does not hold a permit to act as an entertainer or a manager of or in an enterprise.”

. Whether the enterprise was a sexually-oriented enterprise is not before the Court in this proceeding. We note that Section 28-251 of the ordinance, in relevant part, defines "enterprise” as "... any establishment whose primary business is the offering ... of ... any ... items intended to provide sexual stimulation or sexual gratification to its customers...." We also note that the evidence in this case showed that the enterprise contained an area where adult videos and magazines were sold. The enterprise also contained an adult arcade with 20 booths, each with a video monitor that showed adult and nonadult videos. The police were initially on the premises investigating whether “glory holes” in the adult arcade booths had been covered.
*850 "Glory holes” are predrilled holes in the partitions that customers use for sexual stimulation and gratification.

. Section 28-251 of the ordinance defines "manager” as:
Any person who supervises, directs or manages any employee of an enterprise or any other person who conducts any business in an enterprise with respect to any activity conducted on the premises of the enterprise, including any 'on-site manager.’

. Section 28-251 of the ordinance defines “employee” as:
Any person who renders any service whatsoever to the customers of an enterprise, works in or about an enterprise or who conducts any business in an enterprise and who receives or has the expectation of receiving any compensation from the operator, or customers of the enterprise. By way of example, rather than limitation, the term includes the operator and other management personnel, clerks, dancers, models and other entertainers, food and beverage preparation and service personnel, door persons, bouncers, and cashiers. It is expressly intended that this definition cover not only conventional employer-employee relationships but also independent contractor relationships, agency relationships, and other scheme or system whereby the 'employee' has an expectation of receiving compensation, tips, or other benefits from the enterprise or its customers in exchange for services performed.