NO. 07-07-0384-CR and 07-07-0385-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 13, 2008
______________________________

RITO L. PEREZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 121ST DISTRICT COURT OF YOAKUM COUNTY;

NO. 2525, 2526; HONORABLE KELLY G. MOORE, JUDGE
_______________________________


Before CAMPBELL and HANCOCK and PIRTLE, JJ.
ON MOTION TO DISMISS
Â Â Â Â Â Â Â Â Â Â Before the Court is appellantâs motion to dismiss his appeals pursuant to Rule 42.2
of the Texas Rules of Appellate Procedure. Rule 42.2 states that at any time before the
appellate courtâs decision, the court may dismiss an appeal upon the appellantâs motion. 
Tex. R. App. P. 42.2(a). The appellant and his attorney must sign the written motion to
dismiss. Id. 
Â Â Â Â Â Â Â Â Â Â All of the requirements of Rule 42.2(a) have been satisfied. The Court has
considered appellantâs motion and concludes the motion should be granted and the
appeals should be dismissed.
Â Â Â Â Â Â Â Â Â Â Accordingly, the appeals are dismissed. No motion for rehearing will be entertained
and our mandates will issue forthwith. 
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Mackey K. Hancock

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice









Do not publish. 






. R. App. P. 26.2(a). Thus, the trial judge would know, or could
reasonably suppose, "that an appeal or a motion for new trial had not in fact been filed
because the time for filing would have expired." Id. (citing Jordan v. State, 36 S.W.3d 871,
876 n.35 (Tex.Crim.App. 2001)). Since the finality of the first assault conviction of family
violence was ascertainable at the time the trial court rendered judgment on the second
family violence assault, the second assault on a family member was properly enhanced to
a third degree felony and the district trial court had jurisdiction. Id. at 753. We overrule
appellant's first issue.

Probation Revocation

 A probation revocation proceeding is neither a criminal nor a civil trial, but is rather
an administrative proceeding. Cobb v. State, 851 S.W.2d 871, 873 (Tex.Crim.App. 1993).
The State must prove by a preponderance of the evidence that a defendant violated the
terms of his community supervision. See id. Our review of an order revoking community
supervision is limited to determining whether the trial court abused its discretion. See
Cardona v. State, 665 S.W.2d 492, 493 (Tex.Crim.App. 1984).

 In its amended motion to revoke community supervision, the State alleged that
appellant violated his community supervision in that: (1) "the defendant has failed to
successfully complete the Substance Abuse Felony Treatment Facility; TO WIT . . . the
defendant was unsuccessfully discharged from the Substance Abuse Felony Treatment
Facility Billy Meeks Transition Treatment Center," and (2) "the defendant [failed] not [to]
use any controlled substances; TO WIT: A urine sample submitted by the defendant . . .
did test positive for cocaine." Appellant contends that the evidence is factually insufficient
to establish either violation. 

 The trial court had evidence that appellant's urine tested positive for cocaine while
on community supervision. Evidence of a positive urine sample is sufficient evidence to
establish that appellant has failed to refrain from use of controlled substances as required
by community supervision. See Stevens v. State, 900 S.W.2d 348, 352
(Tex.App.-Texarkana 1995, pet. ref'd). A single violation of the conditions of community
supervision is sufficient to support a trial court's revocation of the community supervision
order. Id. Hence, the trial court did not abuse its discretion in finding that appellant had
violated the terms of his community supervision.

Conclusion

 For the foregoing reasons, we affirm. 


 Mackey K. Hancock

Justice




Do not publish. 
1. Although an assault on a family member is generally a class A misdemeanor, a
second conviction for assault on a family member is considered a third degree felony. See
Tex. Penal Code Ann. § 22.01(b)(2) (Vernon Supp. 2006).