

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NOS. PD-1236-20, PD-1237-20, PD-1238-20, PD-1239-20, PD-1240-20

### BRIAN RAY MIDDLETON, APPELLANT

#### v.

### THE STATE OF TEXAS

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE NINTH COURT OF APPEALS
### LIBERTY COUNTY

**KELLER, P.J., delivered the opinion for a unanimous Court.**

When a defendant is placed on deferred adjudication, and he is later charged with a new offense, and the punishment stage for both the deferred-adjudication offense and the new offense occur in the same proceeding, have the two cases been tried in the same criminal action for the purpose of determining whether the sentences can be stacked? We answer that question "yes" and affirm the judgment of the court of appeals.

### I. BACKGROUND

### A. Plea and Punishment Proceedings

In 2015, Appellant pled guilty to three theft offenses pursuant to an agreement, and he was

placed on deferred adjudication. He later committed two new thefts. He was charged with the two new offenses, and the State filed motions to adjudicate guilt in the three earlier cases.[1] Appellant pled guilty to the two new offenses, but the trial court did not formally accept the pleas, instead ordering a presentence investigation report. On January 9, 2020, the trial court held a hearing on all five offenses. The trial court began the hearing by calling all of the cause numbers at once: "This is CR31225, 31226, 31227, 34574, and 345 -- or excuse me -- 34752; State vs. Brian Ray Middleton." At the end of the hearing, the trial court found that Appellant violated the conditions of probation for the three deferred-adjudication offenses, found Appellant guilty of the three offenses, and found that he was guilty of the two new offenses. The trial court then sentenced Appellant to two years in state jail for each offense and stacked all five sentences.

### B. Appeal

On appeal, Appellant claimed that the trial court was prohibited from cumulating the sentences pursuant to Section 3.03 of the Penal Code. In addressing this claim, the court of appeals relied on our opinion in *Robbins v. State*.[2] Robbins was charged with two offenses that arose from the same criminal episode.[3] The trial court conducted two separate plea proceedings, but one consolidated punishment hearing, and then stacked the sentences.[4] We held that the plea proceeding

---

[1] The State's motions were titled as motions to "revoke," but they were in fact motions to adjudicate guilt.

[2] *Middleton v. State*, Nos. 09-20-00014-CR, 09-20-00015-CR, 09-20-00016-CR, 09-20-00017-CR, 09-20-00018-CR, 2020 WL 6929642, *3 (Tex. App.—Beaumont November 25, 2020) (not designated for publication) (citing *Robbins v. State*, 914 S.W.2d 582 (Tex. Crim. App. 1996)).

[3] *Robbins*, *supra* at 583.

[4] *Id.*

was not complete until punishment was assessed, and the sentences could not be stacked.[5] Relying upon *Robbins*, the court of appeals held that the five theft offenses were all tried in a single criminal action because they were disposed of in a consolidated punishment proceeding.[6] Consequently, the court of appeals modified the trial court's judgment to reflect that all sentences are concurrent.[7]

## II. ANALYSIS

The State agrees that the sentences in the three adjudicated cases must run concurrently with each other and that the sentences in the two new cases must run concurrently with each other. The State contends, however, that the sentences in the new cases can be stacked on the sentences in the adjudicated cases. We disagree.

Section 3.03 of the Penal Code provides that, absent exceptions specified elsewhere, sentences shall run concurrently "[w]hen the accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action."[8] Under the statute, offenses committed during "the same criminal episode" include offenses that "are the repeated commission of the same or similar offenses."[9] Because all of Appellant's offenses were thefts, they constituted the repeated commission of the same or similar offenses under the statute. And the statute provides

---

[5] *Id.* at 583-84.

[6] *Middleton*, 2020 WL 6929642, at *3.

[7] *Id.*

[8] TEX. PENAL CODE § 3.03(a).

[9] *Id.* § 3.01(2).

no exceptions to the concurrent-sentencing rule for theft offenses.[10] The first question before us, then, is whether the deferred-adjudication offenses were prosecuted in the same criminal action as the new offenses.

The phrase "a single criminal action" refers to a single trial or plea proceeding.[11] A plea proceeding is not complete until the punishment is assessed, so even if pleas are taken separately, a consolidated punishment hearing on two separate offenses will cause them to be prosecuted in a single criminal action.[12]

While statute requires that the State give notice when separately indicted offenses are being consolidated for trial, noncompliance with that requirement does not prevent offenses from being prosecuted in a single criminal action if that is what actually occurs.[13] Although the State did not give notice that the offenses at issue here would be disposed of in a consolidated punishment hearing, if the offenses were in fact disposed of in a consolidated punishment hearing, then they were prosecuted in a single criminal action.

The remaining question is whether the disposition of deferred-adjudication offenses and new offenses in a single sentencing hearing constitutes the disposition of all the offenses in a consolidated punishment hearing. We hold that it does. To be placed on deferred adjudication, a defendant pleads guilty, but the trial court does not make a finding of guilt; rather the trial court finds that the

---

[10] *See id.* § 3.03(b) (outlining various offenses that are excepted from the concurrent-sentencing rule).

[11] *LaPorte v. State*, 840 S.W.2d 412, 414 (Tex. Crim. App. 1992).

[12] *Robbins*, 914 S.W.2d at 583-84.

[13] *Laporte*, 840 S.W.2d at 414.

"evidence . . . substantiates the defendant's guilt [and] defers further proceedings without entering an adjudication of guilt."[14] The wording of the statute seems to contemplate a pause, as if the case were taken under advisement. During this pause, the defendant is given the opportunity to complete a probationary period in compliance with conditions, and if he succeeds, then the charges will be dismissed.[15] If he fails, and the trial judge later finds a violation of probation and decides to adjudicate guilt, the proceedings continue where they left off: "After an adjudication of guilt, all proceedings, including the assessment of punishment, pronouncement of sentence, granting of community supervision, and defendant's appeal continue as if the adjudication of guilt had not been deferred."[16] For most purposes, a deferred adjudication does not count as a conviction.[17]

As we will discuss later, the State relies upon some cases involving regular probation to support its argument. Underlying these arguments is a presumption that, had Appellant been on regular probation, the two groups of sentences could be stacked. A defendant placed on regular probation is considered to have a conviction, with an assessed sentence, at the time probation is imposed,[18] though for some purposes, that conviction is not final.[19] The State suggests that regular

---

[14] *See* TEX. CODE CRIM. PROC. art. 42.12, § 5(a) (West 2014).

[15] *See id.* at § 5(c).

[16] *Id.* at § 5(b).

[17] *See id.* § 5(a), (c).

[18] *See Wright v. State*, 506 S.W.3d 478, 481 (Tex. Crim. App. 2016) ("In the 'regular' community supervision context, sentence is assessed when a defendant is placed on probation."); *Ex parte White*, 506 S.W.3d 39, 45 (Tex. Crim. App. 2016) ("While not considered a final conviction for the purpose of Article 11.072 and many enhancement statutes, a judgment imposing regular community supervision is in fact a conviction with an assessed sentence, though that sentence is not imposed, and such a conviction is final for some purposes."); *Mansfield v. State*, 306 S.W.3d 773, 775 (Tex. Crim. App. 2010) ("What appellant had to plead and prove was that he had never been

probation and deferred adjudication are similar enough to be treated the same for the purpose of determining whether sentences can be stacked. It is true that a defendant whose deferred adjudication is adjudicated cannot then appeal the original plea, a fact which prompted us to remark that such a defendant "is in a situation similar in most respects to a defendant who appeals a revocation order in a regular probation case."[20] But in addition to the semantic difference between deferring a finding of guilt (deferred adjudication) and finding guilt and suspending the imposition of sentence (regular probation), there are other practical differences that make deferred adjudication less like a conviction than regular probation is.

For instance, unlike a defendant placed on regular probation for a felony offense, a defendant who has been placed on deferred adjudication remains eligible in a later case for regular probation because he is not considered to have a final felony conviction.[21] Even more relevant is the fact that the deferred-adjudication defendant is exposed to the full range of punishment upon adjudication—a fact that is not true for a defendant on regular probation.[22] In *Cabezas*, a deferred-adjudication defendant's continued exposure to the full range of punishment was part of what prompted us to reject the State's claim that for policy reasons, a judge should not be able to impose deferred

---

convicted of a felony. Caselaw confirms that a conviction in which (regular) probation is granted is still a conviction for this purpose.").

[19] *White*, *supra.*

[20] *Jordan v. State*, 36 S.W.3d 871, 876 (Tex. Crim. App. 2001).

[21] *Id.*

[22] *Cabezas v. State*, 848 S.W.2d 693, 695 (Tex. Crim. App. 1993).

adjudication when he would otherwise be prohibited from imposing regular probation.[23] Also, a defendant whose guilt is adjudicated after a deferral can file a motion for new trial as to the plea itself when such a motion would be unavailable to a defendant upon revocation of regular probation.[24] If a deferred-adjudication defendant's post-adjudication motion for new trial is granted, "the conviction itself would be undone."[25] Because of these unique characteristics of deferred-adjudication—that it is not a conviction for most purposes, lacks finality in significant respects, and retains exposure to the full range of punishment—we conclude that a deferred-adjudication plea proceeding is not complete under the concurrent-sentencing statute until sentence is imposed after adjudication.

The State asserts that the holding in *Robbins* that offenses were prosecuted in a single criminal action if they were disposed of in a consolidated punishment hearing is really just a reflection that a guilty plea converts a trial into a unitary proceeding, so that the trial is not over until punishment. But the Code of Criminal Procedure sets up deferred adjudication in line with the unitary nature of guilty-plea proceedings. As we explained above, at the time adjudication is deferred, the trial judge does not find guilt. Rather, he pauses the proceedings and takes the case under a sort of advisement, with the defendant having the opportunity to complete a probationary

---

[23] *Id.* (rejecting the State's claim that "by allowing deferred adjudication probation to be granted where court ordered probation is unavailable a trial judge would be able to circumvent minimum sentences, thus allowing habitual offenders to receive probation rather than minimum time" and pointing out that "the trial court is still empowered to assess the full range of punishment upon an adjudication of guilt" and that this was "the true risk of deferred adjudication for a defendant.").

[24] *Jordan*, 36 S.W.3d at 876.

[25] *Id.*

period and have the case dismissed. If the defendant fails to complete the probationary period successfully, and the judge decides not to continue the deferred adjudication, *then* the judge finds the defendant guilty and assesses punishment.

The State says that "it is at the very least odd that the Legislature would ever insist on concurrent sentencing when a probationer commits another offense just like the one the judge put him on probation for, just because the trial judge heard the revocation with the new offense." That might well be true in the regular probation context, but insisting on concurrent sentencing seems more understandable in the deferred-adjudication context, given the defendant's exposure to the full range of punishment and the fact that deferred adjudication is not considered a conviction in most respects. The State says that it "borders on the absurd that the Legislature would trade the trial judge's ability to assess distinct punishments on multiple offenses for the paltry benefit of clearing a probation revocation from the docket." But the benefit of disposing of multiple cases at once is precisely the reason for the concurrent-sentencing scheme.

The State claims that, even though notice of consolidation is not needed for multiple offenses to be disposed of in a single criminal action, "the parties must still have treated the cases as if formal notice had been made" and that this did not happen, and could not have, because of the revocation posture of the deferred-adjudication offenses. We have doubts about the idea that a meeting of the minds of the parties is a prerequisite to having a single criminal action, but in any event, neither party objected when the trial court called all of the cases together for sentencing. And as we have explained above, the plea proceeding in a deferred-adjudication is not complete for concurrent-sentencing purposes until post-adjudication sentencing occurs.

The State claims that the cases could not have been consolidated because at the time of

deferred-adjudication, Appellant had not even committed the new offenses. The State argues that, whatever the timeline for consolidation is, it cannot be years after trial of the earlier cases. This argument has some inherent appeal. But deferred adjudication is not a complete plea proceeding for sentencing purposes. And even without a deferred adjudication, a situation could occur in which a defendant pleads guilty to an offense, commits another offense before the sentencing hearing, and later has a combined sentencing hearing on both offenses. This could happen if the sentencing hearing on the first case is reset or if the defendant waives indictment on the second offense and seeks a speedy disposition of both cases together. Those kinds of situations would still seem to be subject to the stacking restrictions of Section 3.03, even though the new offense was committed after the guilty plea in the earlier case.

The State claims that the issues in the two sets of cases were different because the first three offenses involved the question of whether probation should be revoked while the last two offenses involved the question of guilt. It claims that there must be "some basic shared procedural aspects" for cases to be part of the same criminal action. But for all of the offenses at issue here, the question of sentencing—with the full range of punishment being available—was at issue.[26]

The State suggests that our decision in *Duran* supports its position.[27] But whatever else may be said about *Duran* (the State relies heavily on a concurring opinion that is not binding precedent), that case involved regular probation, not deferred adjudication.[28] The State also suggests that the

---

[26] Although *Robbins* does not require it, even guilt was at issue for all of the offenses at the final hearing because the trial court had made no findings of guilt on any of the offenses until that time.

[27] *Duran v. State*, 844 S.W.2d 745 (Tex. Crim. App. 1992).

[28] *Id.* at 746.

decisions in various courts of appeals support its position. Those cases are not binding on us, and they are distinguishable. As the State acknowledges, *Dach* and *Crider* dealt with regular probation, not deferred adjudication.[29] *Rivas* did involve deferred adjudications, but the deferred-adjudication cases were decided by a different finder of fact than the new case was.[30] The new offense was tried to a jury, and the adjudication hearing was held by the trial judge during the jury's deliberations and was completed before the jury reached its punishment verdict for the new offense.[31] In *Sanna*, the defendant executed a mid-trial waiver of his right to a jury trial on punishment and agreed to allow the trial court to resolve the new case and a prior deferred-adjudication case and to decide whether or not to cumulate sentences.[32] Under those circumstances, the court of appeals held that the defendant "failed to show that he did not waive his right to concurrent sentences."[33] Plus, *Sanna* was a mandamus case, which complicates its persuasive value since mandamus requires showing an indisputable right to relief.[34]

The State points to other statutes containing language that parallels Section 3.03—a

---

[29] *Dach v. State*, 49 S.W.3d 490, 491 (Tex. App.—Austin 2001, no pet.); *Crider v. State*, 848 S.W.2d 308, 309 (Tex. App.—Fort Worth 1993, pet. ref'd).

[30] *Rivas v. State*, Nos. 14-98-01442-CR, 14-98-01443-CR, 14-98-01444-CR, 2001 WL 459947, *5 (Tex. App.—Houston [14th Dist.] May 3, 2001, pet. ref'd) (not designated for publication).

[31] *Id.*

[32] *In re Sanna*, No. 09-12-00018-CR, 2012 WL 252562, *1 (Tex. App.—Beaumont Jan. 25, 2012) (not designated for publication).

[33] *Id.*

[34] *See id.* (remarking about the need to show an "indisputable" right to relief); *Simon v. Levario*, 306 S.W.3d 318, 321 (Tex. Crim. App. 2009) ("[T]he extraordinary mechanism of a writ of prohibition or mandamus will not lie to resolve "a hotly contested unsettled 'question of law.'").

counterpart in the Controlled Substances Act[35] and a court-costs statute prohibiting duplicate costs.[36] The State seems to contend that its proposed construction of 3.03 could be applied consistently to these other statutes. But the State does not contend that we have construed these other statutes in a way that conflicts with how we construe Section 3.03 today. And if it turns out that these other statutes must be construed consistent with today's holding, the State has not shown that this would give rise to illogical or absurd results.[37]

Because the deferred-adjudication cases were prosecuted in the same criminal action as the new cases, we conclude that the court of appeals was correct to hold that the sentences in all of the cases must run concurrently.

We affirm the judgment of the court of appeals.

Delivered: November 3, 2021

Publish

---

[35] *See* TEX. HEALTH & SAFETY CODE § 481.132.

[36] *See* TEX. CODE CRIM. PROC. art. 102.073(a) ("In a single criminal action in which a defendant is convicted of two or more offenses or of multiple counts of the same offense, the court may assess each court cost or fee only once against the defendant.").

[37] The State does not seem to contend that the language of the court-cost statute could somehow be construed to prevent the assessment of costs both at the time adjudication is deferred and at the time sentencing occurs (upon adjudication), nor do we think our holding today would require such a construction. The State does seem to suggest that our holding today might affect what costs can be imposed on sentencing when adjudication and new offenses are combined in the same sentencing hearing, but even assuming the State is correct, that result—preventing duplicate costs when two cases are resolved in the same proceeding—seems perfectly consistent with the policy reasons behind the concurrent sentencing statute. And the cost statute's focus on "each court cost or fee" does not appear to preclude the possibility of assessing any fees unique to adjudicating guilt in a deferred-adjudication case, if such fees exist.