**Affirmed and Opinion Filed July 27, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-00693-CR

**RICHARD DAMON MARTINI, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 282nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F15-76096-S**

## MEMORANDUM OPINION

Before Justices Francis, Fillmore, and Whitehill
Opinion by Justice Francis

Richard Damon Martini appeals his conviction for attempted sexual performance by a child. In three issues, appellant contends he received ineffective assistance of counsel and the trial court erred in overruling his objection to testimony by a Dallas police detective. We affirm the trial court's judgment.

In 2015, appellant was living in the same apartment complex as his niece, Franchesca Carothers, Carothers's fiancé, and their six children. Carothers was the mother of three of the children. The other three, including the complainant, S.T., were the fiancé's children. Appellant frequently visited with his niece's family and he became close with S.T. At the time, S.T. was sixteen years old and appellant was thirty-six.

On one occasion in early 2015, appellant and S.T. were found in bed together with their clothes on. Later, appellant and S.T. were found together in a closed closet. Appellant claimed he was trying to prevent S.T. from stealing one of his t-shirts. After the closet incident, appellant and S.T. were forbidden from being alone together.

In July 2015, S.T. got into trouble for not performing her household duties properly and, as punishment, she was not allowed to use her electronic devices. When Carothers saw S.T. using her cell phone, she took the phone away and saw sexually explicit text messages between S.T. and appellant. Carothers immediately contacted the police and took S.T. to the Dallas Children's Advocacy Center for an interview and counseling.

After Carothers gave the police permission to search S.T.'s phone, they found hundreds of text messages between appellant and S.T. discussing being together as husband and wife, sexual acts, and plans to meet to have sexual intercourse. Other messages indicated S.T. was depressed and had a difficult relationship with her parents. Appellant was indicted for attempted sexual performance by a child. He pleaded not guilty to the charge and the case was tried to a jury.

At trial, appellant admitted exchanging sexually explicit messages with S.T., but explained they were just "stupid things" and he was trying to "lighten the mood because she was so upset" and "wanting to commit suicide." He said their talk of a future together was "just a bunch of made-up nonsense" to make her feel better. S.T. told the jury that appellant's emotional support was one of the reasons she didn't commit suicide; she didn't feel guilty or ashamed of anything they said or did together.

Many of the text messages between appellant and S.T., including some that were graphically sexual, were read to the jury. Afterwards, Dallas police detective Kristin Alvarado, an investigator specializing in physical and sexual crimes against children, testified she saw signs of "grooming" by appellant. Alvarado stated the text messages and S.T.'s statements during her

–2–

interview at the children's advocacy center demonstrated appellant's attempts to make an emotional connection with S.T. She also said appellant was trying to isolate S.T. from her parents and normalize their sexual behavior. After Alvarado testified at length regarding the grooming process, defense counsel objected stating the detective's testimony was "pure speculation" and no evidence showed she had any expertise or psychological training other than being a detective. The State responded that Alvarado had already established her training with regard to child abuse cases and the questions were limited to that field. The trial court overruled defense counsel's objection.

After hearing the evidence, the jury found appellant guilty and the trial court sentenced him to six years in prison. Appellant filed a motion for new trial that was denied. This appeal followed.

In his first and second issues, appellant contends his trial counsel rendered ineffective assistance by "failing to understand the allegations against [him]" and not requesting an affirmative defense jury instruction. To succeed in showing ineffective assistance of counsel, an appellant must demonstrate both that (1) his counsel's representation fell below an objective standard of reasonableness and (2) the alleged deficient performance prejudiced the defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Appellant bears the burden of proving both prongs by a preponderance of the evidence. *See Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance and was motivated by legitimate trial strategy. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).

Claims of ineffective assistance of counsel are generally not successful on direct appeal because the record is inadequately developed for an appellate court to fairly evaluate the merits of such a serious allegation. *See Lopez v. State*, 343 S.W.3d 137, 143 (Tex. Crim. App. 2011). The court of criminal appeals has made clear that, in most cases, a silent record which provides no explanation for counsel's actions will not overcome the strong presumption of reasonable

assistance. *See Rylander v. State*, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003). Counsel should ordinarily be afforded the opportunity to explain his actions before being denounced as ineffective. *See Menefield v. State*, 363 S.W.3d 591, 593 (Tex. Crim. App. 2012).

Although appellant filed a motion for new trial in this case, he did not urge ineffective assistance as one of the grounds. Accordingly, the record is silent as to the reasons for defense counsel's actions. Because the record is not developed, we will not find defense counsel's performance deficient unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Id*.

In addition, even assuming deficient assistance, appellant must affirmatively prove prejudice. *See Thompson*, 9 S.W.3d at 812. He must show a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different. *Id*. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id*. The ultimate focus of the inquiry is on the fundamental fairness of the proceeding. *See Ex parte Martinez*, 330 S.W.3d 891, 901 (Tex. Crim. App. 2011). The failure of the appellant to show either deficient performance or prejudice defeats his claim of ineffective assistance. *See Thompson*, 9 S.W.3d at 813.

Appellant first contends his counsel was ineffective because he allegedly did not understand the charged crime. Appellant bases this assertion on statements made by his counsel during his motion for directed verdict and closing arguments. Appellant argues his counsel's statements on both occasions indicated he believed appellant had been charged with the completed act of sexual performance by a child instead of merely the attempted offense.

The offense of attempted sexual performance by a child is committed if: (1) the defendant; (2) with specific intent to commit sexual performance by a child; (3) does an act amounting to more than mere preparation; (4) that tends but fails to effect the commission of sexual performance

by a child. *See Chen v. State*, 42 S.W.3d 926, 929 (Tex. Crim. App. 2001). An attorney is charged with knowing the law that applies to his client's case. *See Ex parte Welch*, 981 S.W.2d 183, 185 (Tex. Crim. App. 1998). At the close of the State's evidence, defense counsel urged that appellant be granted a directed verdict stating the texts were "innocent" and "the evidence [appellant] induced her to perform is scant and fully insufficient to maintain a finding of guilt." He further stated "there may have been some kissing, but there wasn't anything involving any kind of sexual activity." During closing argument, defense counsel stressed before the jury that there was no actual sexual conduct by S.T. which he stated cast doubt on whether appellant was inducing her to commit sexual performance.

Because defense counsel focused on the absence of sexual activity between appellant and S.T. in his arguments, appellant argues he appeared unaware appellant had been charged with the attempted rather than completed offense. Reading the record as a whole, however, it appears defense counsel was attempting to raise reasonable doubt as to appellant's intent in sending the text messages. Despite the fact appellant had extensive access to S.T. before they were forbidden from seeing each other, the State had no evidence any sexual performance occurred. It is a reasonable trial strategy to suggest appellant lacked the intent to commit the completed offense, a necessary element of the attempted offense with which appellant was charged. Furthermore, although appellant generally states his counsel "did not and could not effectively defend against the accusations" against him, he makes no argument as to what else defense counsel could or should have done or how the outcome of the case was affected.

Appellant next argues his counsel was ineffective because he failed to request a jury instruction on an affirmative defense. Defense counsel presented evidence at trial that the text messages appellant sent to S.T. were intended to be emotionally supportive and help with her severe depression and thoughts of suicide. According to appellant, such evidence raised the issue

of whether his conduct was for a "bona fide psychological purpose" which is an affirmative defense under section 43.25(f)(2) of the Texas Penal Code. *See* TEX. PENAL CODE ANN. § 43.25(f)(2) (West Supp. 2017). But merely being entitled to a jury instruction and not requesting it is not the test for ineffective assistance of counsel. *See Dannhaus v. State*, 928 S.W.2d 81, 85 (Tex. App.—Houston [14th Dist.] 1996, pet. ref'd). The test is whether it was objectively unreasonable for counsel not to ask for the instruction. *Id*.

Even if appellant's text messages offering S.T. emotional support were sufficient to raise the affirmative defense of "bona fide psychological purpose," which we do not decide, there is no cognizable argument that his messages containing graphic sexual content would fall under this category. Accordingly, the evidence to support appellant's proposed affirmative defense was not strong. Defense counsel chose instead to rely on the emotional support aspects of appellant's messages to show he lacked the intent to actually commit the offense of sexual performance by a child. Counsel is not deficient for choosing to focus the jury's attention on the absence of the required mental state rather than risk confusion with instructions on affirmative defense theories not supported by the evidence. *Id*. at 87. Where the evidence of guilt is overwhelming, and the evidence to support an affirmative defense is weak, a strategy of focusing the jury on the strongest theory of innocence supported by the evidence is not objectively unreasonable. *See id.* We resolve appellant's first and second issues against him.

In his third issue, appellant contends the trial court erred in overruling his objection to Detective Alvarado's testimony regarding his "grooming" of S.T. Appellant argues Alvarado was not qualified to offer the testimony because she "lacked sufficient depth of experience and training to support an expert opinion."

To preserve error for appellate review, a timely specific objection must be made and a ruling obtained. *See Cruz v. State*, 238 S.W.3d 381, 385 (Tex. App.—Houston [1st Dist.] 2006,

pet. ref'd).  To be considered timely, the objection must be made at the first opportunity or as soon as the basis of the objection becomes apparent.  *See Moore v. State*, 999 S.W.2d 385, 403 (Tex. Crim. App. 1999).  An objection made after the prosecutor has elicited the testimony typically comes too late.  *See Cruz*, 238 S.W.3d at 385.

Here, defense counsel did not object to Alvarado's grooming testimony until long after the basis for his objection became apparent.  The State questioned Alvarado at length about the grooming process before counsel objected that she was not qualified to testify on the subject. Because there was no objection until substantial testimony had already been elicited, we conclude the objection was untimely and did not preserve the complaint for review.  *Id*.  We resolve appellant's third issue against him.

We affirm the trial court's judgment.

/Molly Francis/
MOLLY FRANCIS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
170693F.U05

–7–



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

RICHARD DAMON MARTINI, Appellant

No. 05-17-00693-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 282nd Judicial District Court, Dallas County, Texas

Trial Court Cause No. F15-76096-S.

Opinion delivered by Justice Francis.

Justices Fillmore and Whitehill participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered July 27, 2018.